NEAL LOAN AND BANKING COMPANY *v.* CHASTAIN,

treasurer.

</div>

The plaintiff in error made a motion in the court below to strike the respondent's answer and for the grant of a mandamus absolute, and its right to have this motion granted depended upon a state of facts which were recited in the motion; but, so far as appears from the record, there was nothing shown to the court from which it could be determined whether this recital of facts was true or not. *Held*, that no error in the court's refusal to sustain the motion is made to appear.

<div align="center">Argued January 19,—Decided February 19, 1906.</div>

Petition for mandamus.   Before Judge Gober.   Fannin superior court.   May 30, 1905.

*Westmoreland Brothers,* for plaintiff.   *J. Z. Foster, DuPree & Dobbs,* and *Thomas A. Brown,* for defendant.

BECK, J.   The Neal Loan and Banking Company filed its application for mandamus against Chastain, as treasurer of the county

of Fannin, seeking to compel him to pay certain warrants or judgments drawn on him by the ordinary of that county and owned by the petitioner. The treasurer filed a general demurrer to the petition, which was sustained by the trial court, and the petitioner brought the case here, where the judgment below was reversed (121 *Ga.* 500). When the case was called by the trial judge after it had been sent back by this court, the petitioner made a motion to strike the answer of the treasurer, upon the following grounds: "1st. That the respondent had interposed a demurrer, in response to the rule to show cause, which had been adjudged insufficient and overruled by the judgment of the Supreme Court, and he could not afterwards show cause by filing an answer. 2nd. That the answer was filed too late, one term of the court having passed between the return of the rule and the filing of the answer, and long after the rule requiring cause to be shown. 3rd. That the judgment of the Supreme Court finally adjudicated that petitioners were entitled to the relief sought, and that the said judgment was rendered on the 15th day of December, 1904, and the answer was not filed until the 30th day of December, 1904, and it was too late." The trial court refused to strike the answer or to make the mandamus absolute as prayed, and the petitioner excepted.

One who complains of error must show error; and even if the contention that the answer was filed too late and the motion to strike ought to have been sustained upon that ground is sound, still it does not appear whether it was shown to the trial court that this answer was not filed in ample time. It is not certified in the bill of exceptions as to when it was filed. It merely appears that a motion was made in which it was alleged, as one of the grounds thereof, that the answer was filed too late, but there was no proof in support of that ground, and it was not alleged anywhere in the bill of exceptions that said ground was true, and the certificate of the judge is therefore only to the effect that the motion was made upon that ground, and not that the ground was true. This court can not determine, either from the bill of exceptions or from a consideration of the entire record, whether the trial court had before it facts showing that the grounds of the motion were true, and we will not presume that the judge committed error in holding that the answer was not filed too late; for even if the law in regard to the time when the answer should have been filed were as the plain-

tiff in error contends it is, we are unable to say that the law had not been complied with by the respondent in the matter of filing his answer.

The answer of the respondent was not specified by the plaintiff in error as necessary to an understanding of the error complained of, but upon it appearing from a consideration of the record as made up, and from the argument of counsel on the hearing of the cause before this court, that the answer and the entries thereon might enable us to determine whether it was filed in time or not, and thereby decide the case on its merits, this court, of its own motion, under the authority given by the Civil Code, §5536, par. 4, issued an order directing the clerk of Fannin superior court to send up to this court a properly certified copy of the answer and of the entry of filing thereon, and the order of the court, if any, allowing the answer to be filed. In response to this order the clerk of said superior court certified and sent up a copy of the answer, but further certified that the original answer had been taken from his office; that it had not been returned; that he had no opportunity to record the same, and that it was impossible for him to "send the filing or order of the judge called for." It is not incumbent upon this court to take other measures to render the record in the case more complete.

*Judgment affirmed. All the Justices concur.*