## 113. PEOPLES NATIONAL BANK v. HARALSON.

Where a defendant filed two pleas, and tendered evidence which was admissible under one of them, though not under the other, the court properly overruled an objection to its admissibility.

Complaint, from city court of LaGrange—Judge Harwell. April 7, 1906.

Argued February 18,—Decided February 25, 1907.

*E. T. Moon,* for plaintiff. *A. H. Thompson,* for defendant.

POWELL, J. The bank sued Haralson upon two acceptances, which it claimed to hold as bona fide purchaser from the Southern Wholesale Jewelry Company. The defendant filed a plea of non est factum, and also a plea which possibly can be regarded as a defense of total failure of consideration, though we are more inclined to regard it as a mere amplification of the plea of non est factum by showing what was the real transaction between the alleged parties to the bill of exchange, thereby excluding the proba-

bility of the acceptance being genuine.  The jury found for the defendant.  Apart from the general grounds, all the other assignments of error relate to the admission or rejection of testimony.

First, it is complained that the court erred in not allowing the plaintiff to introduce the minutes of the city court of LaGrange, to show that the defendant, who testified as a witness, had been convicted of the statutory offense of buying and receiving seed-cotton after sunset and before sunrise; but since it does not appear from the exception what the minutes would have shown as to this alleged fact, the assignment of error is not complete.  *Neal Loan & Banking Co.* v. *Chastain,* 124 *Ga.* 940.

The remaining exceptions, in substance, complain, that the court allowed the defendant and his witness to testify that the defendant bought no goods from the jewelry company, that he had merely made an agreement to accept certain goods on consignment, and that these goods had never been received.  The objection urged to this testimony is that it tends to support the plea of failure of consideration, and that, as against a bona fide purchaser, such a plea is not good.  We have no difficulty in agreeing with counsel for the plaintiff in error that the evidence demands the conclusion that the plaintiff's relation to the case is that of a bona fide purchaser.  The only intimation to the contrary is a manifest verbal inaccuracy of date in one of the interrogatories.  It is likewise conceded that the plea of failure of consideration is not available as against an innocent purchaser of a negotiable instrument.  But in this case there was a plea of non est factum, which is available even against an innocent purchaser for value, and the testimony to which objection is made was relevant under this plea.  The agent of the jewelry company had testified, as a witness for the plaintiff, that the defendant executed these acceptances in payment of a bill of goods, which he that day ordered from the jewelry company.  It was permissible for the defendant to reply, in dispute of this testimony, that he did not execute the acceptance, and to state, as a circumstance illustrative of the unreasonableness of his having so done, that he had bought no goods, and therefore owed nothing for which he should have given his note in payment.  Evidence admissible under any plea may be received, even though it might be inadmissible if tendered solely under some other phase of the case.                    *Judgment affirmed.*