John Zwahlan, Defendant in Error, v. William O.
Johnson, Receiver, Plaintiff in Error.

Gen. No. 22,560.    (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. MARCUS A.
KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1916. Reversed. Opinion filed October 9,
1917. *Certiorari* denied by Supreme Court (making opinion final).

## Statement of the Case.

Action by John Zwahlan, plaintiff, against William
O. Johnson, receiver for the Chicago & Milwaukee
Electric Railroad Company, a corporation, defendant,
for personal injuries sustained while in the employ of
defendant. From a judgment in favor of plaintiff
for $4,000 and costs, defendant brings error.

BULL & JOHNSON and ARTHUR S. LYTTON, for plain-
tiff in error.

HYDE, WESTBROOK & WATSON, for defendant in
error.

MR. JUSTICE McDONALD delivered the opinion of the
court.

## Abstract of the Decision.

1. LIMITATION OF ACTIONS, § 74*—*when declaration in action by
employee for personal injuries states new cause of action.* Where
the original declaration in an action by an employee against his
employer for personal injuries is based upon defendant's alleged
common-law liability as an employer, and also upon section 101 of
the Factory Act (J. & A. ¶ 5398), making it the employer's duty to
keep his place of employment in a clean and wholesome condition,
a breach of which was averred, and more than four years after the

---

*See **Illinois Notes Digest**, Vols. **XI** to **XV**, and **Cumulative Quarterly**, same
topic and section number.

happening of the accident an amended declaration is filed, predicated upon section 89 of such Act (J. & A. ¶ 5386), alleging the wilful failure on the part of defendant to comply with such act, an allegation not contained in the original declaration, the amended declaration states a new cause of action, since the alleged breaches of statutory duty under the respective sections are entirely different, and there is an allegation that the negligence was wilful in the amended declaration, an allegation not contained in the original declaration.

2. LIMITATION OF ACTIONS, § 74*—*when question whether amended declaration sets up new cause of action is presented as one of law.* Where, in an action by an employee against his employer for personal injuries, the defendant pleads the Two-Year Statute of Limitations by way of defense to an amended declaration, and plaintiff files a general replication setting up new matter in avoidance thereof, and it is conceded that the injury in question occurred more than four years prior to the filing of the amended declaration, defendant's motion for a directed verdict presents to the court as a matter of law the question whether or not the amended declaration sets up a new cause of action.