16968.  ORR v. DAWSON TELEPHONE COMPANY et al.

BELL, J.  1. Where a suit against a telephone company and an individual alleged that the defendants operated, controlled and maintained a telephone line of which they were joint owners, and that the plaintiff sustained an injury as the result of the defendants' negligence in failing to maintain it in a reasonably safe condition, for which injury the plaintiff sought to hold the defendants liable in damages, and where upon the trial the evidence supported the other allegations, there was no fatal variance between the allegations and the proof merely because the evidence may have failed to show that the defendants were joint owners of the line as averred in the petition.  If the defendants jointly controlled and maintained the line and breached some duty of diligence which they owed to the plaintiff with respect to the manner of maintaining it, and if he was injured as a consequence of such breach, the ownership of the line would not be an essential fact in his cause of action.  Where a party alleges more than is necessary to entitle him to recover, his case does not fail if he proves a sufficiency of the averments to show the defendants liable, although he does not prove every relevant fact alleged.  *Christian* v. *Columbus & Rome Ry. Co.*, 90 *Ga.* 124 (5) (15 S. E. 701); *Western Union Tel. Co.* v. *Owens*, 23 *Ga. App.* 169 (2), 171 (98 S. E. 116).

2. Where, in such case, the petition alleged that the defendants were negligent in allowing the poles upon which the telephone wires were strung and which were set alongside a public road, to become decayed, so that one of them fell and drew the wire into the road, by which wire and one of the poles the plaintiff was injured while traveling upon the highway, evidence to the effect that soon after the injury the company took up and removed the wire was admissible, not as tending to show negligence on the part of the company in the previous condition and location of the wire, but as illustrating its control thereof at the time of the injury, the matter of such control being relevant and in dispute, and the court erred in excluding such evidence.  The fact that evidence may be inadmissible for one purpose does not warrant its exclusion when it is relevant and admissible for another purpose.  *Peoples National Bank* v. *Haralson*, 1 *Ga. App.* 311 (57 S. E. 991); *Great Cosmopolitan Shows* v. *Petty*, 7 *Ga. App.* 236 (2) (66 S. E. 624); *Capital City Brick Co.* v. *Atlantic Ice & Coal Co.*, 5 *Ga. App.* 436 (3) (63 S. E. 562); *Parke* v. *Foster*, 26 *Ga.* 465 (71 Am. D. 221); *Fidelity & Deposit Co.* v. *Nisbet*, 119 *Ga.* 316 (4) (46 S. E. 444); *Central of Ga. Ry. Co.* v. *Brown*, 138 *Ga.* 107 (2) (74 S. E. 839).

3. Evidence to the effect that the company rendered telephone service to customers over the line in question and charged some of them for the service rendered, and that its agents and employees had on different

Negligence, 29 Cyc. p. 487, n. 16; p. 607, n. 88, 89; p. 614, n. 39; p 618, n. 57.

Pleading, 31 Cyc. p. 702, n. 34; p. 714, n. 53 New.

Telephones and Telegraphs, 37 Cyc. p. 1644, n. 4 New; p. 1645, n. 12, 21; p. 1647, n. 36.

Trial, 38 Cyc. p. 1340, n. 98.

occasions within five or six months previous to the injury repaired the line, and had removed it soon after the injury, was sufficient to authorize the inference that the company was a party to the control and maintenance of such line, and to identify the company as one that should be liable for any negligence in the condition and location of the wire and poles upon and along a highway, by which a traveler was injured. 29 Cyc. 607, 618; Cumberland Telephone etc. Co. *v.* Laird, 161 Ky. 800 (171 S. W. 386).

4. Where, in such case, the evidence tended to show that the individual defendant was in possession of a plantation to which the telephone line extended and at which a telephone was situated, and that the company rendered telephonic service to him over such line and through such telephone, but did not charge him "phone rent" and still did not allow him the service without consideration, and where the evidence tended to show further that the employees of such individual defendant had made repairs upon the line a year or so before the plaintiff's injury, and that such defendant was present with such employees at the time of such repairs, and there is no evidence tending to explain such conduct on the part of himself and such employees, such evidence, considered in connection with that referred to in the preceding paragraph, was sufficient to authorize the inference that such individual defendant was a party with the telephone company in the control and maintenance of the telephone line, and jointly responsible for any negligence in failing to maintain it in a reasonably safe condition, as a result of which a traveler on the highway was injured. *Western Union Tel. Co.* v. *Owens,* supra; *Ga. Ry. &c. Co.* v. *Tompkins,* 138 *Ga.* 596 (2) (75 S. E. 664); North Arkansas Telephone Co. *v.* Peters, 103 Ark. 564 (148 S. W. 273).

5. The evidence being sufficient to authorize the inference that the telephone line was negligently maintained, and that it was the duty of each and both of the defendants to see that it was kept in a reasonably safe condition, and that the plaintiff was injured as a result of the negligence complained of, the case should not have been nonsuited as to either defendant. Even though "voluntary, intentional concert is lacking, if the separate and independent acts of negligence of several combine naturally and directly to produce a single injury, they may be sued jointly, despite the fact that the injury might not have been sustained had only one of the acts of negligence occurred." "Thus, where two concurrent causes naturally operate in causing an injury, there can be a recovery against both or either one of the responsible parties." *Scearce* v. *Mayor &c. of Gainesville,* 33 *Ga. App.* 411 (3) (126 S. E. 883).     *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 18, 1926.

Action for damages; from city court of Dawson—Judge Harper presiding. October 15, 1925.

*W. H. Gurr, M. C. Edwards,* for plaintiff.

*H. A. Wilkinson,* for defendants.