Laura A. Smith, Appellant, v. Illinois Power Company, Appellee.

Gen. No. 8,870.

506

Opinion filed January 25, 1935. Rehearing denied March 18, 1935.

ARCHIE G. KENNEDY, JULIUS E. MATTESON and DENNIS J. COLLINS, all of DeKalb, for appellant.

SMITH & BROWER, of Sycamore, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This action was brought by the plaintiff, Laura A. Smith, against the defendant, Illinois Power Company, to recover damages for personal injuries sustained by her caused by her tripping over a guy wire bracing an electric light pole owned by the defendant. The pole stood in the parking between the sidewalk and the curb on the east side of Evans avenue in the City of DeKalb. It appears from the evidence that the defendant, under a franchise granted to it by the City of DeKalb, maintained and controlled in the streets of that city, poles, wires, guy wires, anchors

and other equipment for furnishing electricity to the residents of the city, and for lighting the streets of DeKalb. A jury trial resulted in a verdict and judgment for the defendant.

The plaintiff contends that the trial court erred in overruling her demurrer to the defendant's plea of the statute of limitations interposed to the first, second and third additional counts of the declaration. Those counts were filed more than two years after the accident. The plaintiff also contends that the trial court erred in withdrawing from the consideration of the jury, at the close of all the evidence, the fourth, fifth, sixth, seventh and eighth additional counts of the declaration. Those counts charge the defendant with wilful and wanton conduct. It will be necessary to give attention to the pleadings, and subsequently an examination of the evidence to determine if there is any evidence in the case proving or tending to prove wilful and wanton conduct on the part of the defendant which was the proximate cause of the injury complained of as charged in the fourth, fifth, sixth, seventh and eighth additional counts of the declaration.

The defendant filed the general issue to the first four original counts of the declaration. The ownership and control of the guy wire by the defendant is not disputed. Relative to those counts, we deem it sufficient to state the breaches of duty charged therein as follows first count: The defendant "then and there negligently and carelessly placed said brace wire at a point where it was not necessary and in a manner where it was dangerous to persons passing upon, along and across said Evans Avenue." Second count: The defendant "maintained said pole and said brace wire attached thereto negligently and carelessly and in a manner where it was dangerous to persons passing upon, along and across said Evans Avenue." Third count: The defendant "placed said brace wire at-

tached to said pole negligently and without regard to the safety of persons passing upon, along and across said Evans Avenue and without the exercise of ordinary care and prudence in the location of such brace wire so that the same was dangerous to persons passing upon, along and across said Evans Avenue.'' Fourth count: That defendant ''negligently and without regard to the safety of persons passing upon, along and across said Evans Avenue, and without the exercise of ordinary care and prudence negligently and carelessly failed to properly protect said brace wire so as to render it harmless to persons passing upon, along and across said Evans Avenue.''

None of these counts charges, indicates, or discloses any breach of duty by the defendant in failing to obey and comply with the requirement of any order, decision, direction, rule or regulation made and prescribed by the Illinois Commerce Commission.

As before stated, the defendant pleaded the statute of limitations to the first, second and third additional counts of the declaration. The substance of paragraphs five and six of the first additional count is as follows:

5. ''Plaintiff avers that on said 20th day of February, 1930, and for a long time prior thereto there had been in full force and effect a certain Statute of the State of Illinois entitled 'An Act Concerning Public Utilities,' in and by which act there was created in the Department of Trade and Commerce an 'Illinois Commerce Commission'; that it was also provided in and by said Act, among other things, as follows:

'' 'Every public utility shall obey and comply with each and every requirement of every order, decision, direction, rule or regulation made and prescribed by the Commission in the matters herein specified, or any other matter in any way relating to or affecting its business as a public utility, and shall do everything

necessary or proper in order to secure compliance with and observance of its officers, agents and employees.'

"Plaintiff further avers that there was then and is now in full force and effect a General Order No. 115 of said Illinois Commerce Commission; that paragraph 170.8 of said General Order No. 115 is in words and figures as follows:

" 'Guards for Guys—The ground end of all guys attached to ground anchors exposed to traffic shall be provided with a substantial and conspicuous wood or metal guard not less than 8 feet long. It is recommended that in exposed, poorly lighted locations such guards be painted white or some other conspicuous color.'

"Which said General Order No. 115 was duly served upon said defendant, the Illinois Power Company, by said Illinois Commerce Commission as provided by law."

6. "Plaintiff further avers that it became and was the duty of the defendant to provide the ground end of said guy so attached to said ground anchor just east of the curb on the east side of Evans Avenue in said city with a substantial and conspicuous wood or metal guard not less than eight feet long, as provided by Law and rules of said Illinois Commerce Commission."

The breach of duty charged in the first additional count is that the defendant "carelessly, negligently and improperly failed to provide said ground end of said guy with substantial and conspicuous wood or metal guard as required by said General Order No. 115 of said Illinois Commerce Commission, and said defendant, the Illinois Power Company, carelessly, negligently, and improperly failed to inclose, fence or otherwise protect said guy or brace wire as provided by law."

The seventh paragraph of the second additional count is as follows: "Plaintiff further avers that it was also provided in and by said act concerning public utilities among other things, as follows:

" 'In case any public utility shall do, cause to be done or permit to be done any act, matter or thing prohibited, forbidden or declared to be unlawful, or shall omit to do any act, matter or thing required to be done either by any provisions of this Act or any rule, regulation, order or decision of the Commission, issued under authority of this Act, such public utility shall be liable to the persons or corporations affected thereby for all loss, damages or injury caused thereby or resulting therefrom, and if the court shall find that the act or omission was wilful, the court may in addition to the actual damages, award damages for the sake of example and by way of punishment. An action to recover for such loss, damage or injury may be brought in any court of competent jurisdiction by any person or corporation.

" 'In case of a recovery of damages by any person or corporation under the provisions of this section the plaintiff shall be entitled to reasonable counsel's or attorney's fee to be fixed by the court, which fee shall be taxed and collected as part of the costs of the case.' "

The breach of duty charged in the second additional count is: that the defendant, "with a conscious indifference to surrounding circumstances and conditions and conscious that its conduct would naturally and probably result in injury to persons using said Evans Avenue or passing upon, along or across the same, said defendant wilfully and wantonly permitted such guy or brace wire attached to a ground anchor and exposed to traffic as aforesaid to be and remain unprotected contrary to law as aforesaid."

The accident occurred on the 21st day of February, 1930. The three additional counts were filed on Jan-

uary 10, 1933. If each of them states a new cause of action, they were all barred by the statute of limitations. When the plaintiff's demurrer to the plea of the statute of limitations to the three additional counts was overruled and the plaintiff elected to abide by her demurrer, judgment *nil capiat* would have been proper as the plea was in bar to any cause of action stated in any one of the counts. *County of Pike v. Cadwell,* 78 Ill. App. 201.

Evidence sufficient to sustain the first four original counts would not be sufficient to sustain any one of the first three additional counts. Under those additional counts, it would have been necessary for the plaintiff to introduce in evidence paragraph 170.8 of General Order No. 115 of the Illinois Commerce Commission and prove a violation thereof by the defendant, in order to sustain, by proof, any of the first four original counts. The second additional count is based on the statute ostensibly allowing an attorney's fee to the plaintiff if the court finds the alleged violation of the order of the commission by the defendant to have been wilful. The question of wilful conduct is one of fact to be determined by a jury. We are not aware that a person may be deprived of a jury trial by a statute which attempts to grant "the court" power to find whether an act or omission of such person is wilful or not. We have no doubt it would have been necessary for the plaintiff to introduce in evidence the said order of the commission and to prove its alleged violation by the defendant to have been wilful. The courts have logically adopted the rule that one test by which it determines whether the different counts are for the same cause of action under a plea of the limitations statute, is whether the same evidence would support a judgment rendered upon either. The question of a variance or a misjoinder of counts is not involved under such an inquiry. *Carlin v. City of Chicago,* 262 Ill. 564.

The plaintiff contends that the first, second and third additional counts fall within the meaning of section 39 of the old Practice Act, Cahill's St. 1933, ch. 110, ¶ 39 (App'x). That section was repealed by the Civil Practice Act which contains a saving clause. It will be noted that section 39 provides that an amendment to a pleading should not be barred by the lapse of time under any statute limiting the time within which an action might be brought. Section 39 is in part as follows: "If it shall appear from the original and amended pleading that the cause of action asserted, or the defense interposed in the amended pleading grew out of the same transaction or occurrence, and is substantially the same as set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact, or some other matter or matters, which are necessary conditions precedent to the right of recovery or defense asserted when such conditions precedent have been in fact performed." While the Appellate Courts of this State have given this section a liberal construction so far as its terms will permit, it has never been held that its effect is to repeal the two-year limitation for the bringing of actions for personal injuries as prescribed by the statute. *Keslick v. Williams Oil-O-Matic Heating Corp.*, 277 Ill. App. 263. While we can say with conviction that the purpose of section 39, as amended in 1929, was to remedy the evil that the statute of limitations should not bar an amendment to a DECLARATION WHICH CONTAINED A DEFECTIVE STATEMENT of a good cause of action in that it did not allege the performance of conditions precedent, and the amendment substantially states the same cause of action declared upon in the original declaration, then the amendment is not barred by the statute of limitations, the further intention and purpose, if any, of the section is not clear. In other words, amendments to declarations were per-

mitted before the enactment of section 39 unless the amendment set up a new cause of action barred by the statute of limitations. If the amendment sets out a new cause of action, we cannot say that the amendment is substantially the same as the original declaration. It is true the original fourth count of the declaration in this case alleged that the defendant failed to properly protect the guy wire, but it seems to us that the allegations of the additional counts in question and the proof necessary to sustain any one of them states a new cause of action. Under any construction of section 39, the court correctly overruled the demurrer to the plea of the statute of limitations interposed to the first, second and third additional counts. (*Union Pac. R. Co. v. Wyler,* 158 U. S. 285, 39 L. Ed. 983; *Zwahlan v. Johnson,* 207 Ill. App. 373; *Redmond v. Schilthelm,* 273 Ill. App. 222; *Bradley v. Chicago-Virden Coal Co.,* 231 Ill. 622.)

As before stated, the court at the close of all the evidence withdrew from the consideration of the jury the fourth, fifth, sixth, seventh and eighth additional counts, all of which charged the defendant with wilful conduct. These counts are independent of the first, second, and third additional counts. None of them pleads the General Order No. 115 of the Illinois Commerce Commission. However, each of the fourth, fifth, sixth, seventh and eighth additional counts contains a paragraph designated as follows: "4. Plaintiff further avers that it became and was the duty of the defendant to place and maintain such brace wire only where necessary for the proper construction and protection of their system of lines and poles and with such care and skill as to make said brace wire harmless to persons passing upon, along and across the streets and public ways of the city of DeKalb."

The fifth and sixth additional counts, iterative of the breach of duty alleged in the first and in the second

original counts, charge respectively that the defendant wilfully placed said wire where not necessary and that the defendant wilfully maintained said wire where dangerous to persons passing upon, along and across said Evans avenue. The seventh additional count charges that the defendant wilfully placed said wire with a conscious indifference to the surrounding conditions, and thus wilfully and wantonly, and without regard to the safety of persons passing, etc., and without the exercise of ordinary care and prudence in the location of said wire, maintained the same so that the same was dangerous, etc. The fourth and eighth additional counts charge respectively that the defendant wilfully permitted said wire to remain unprotected and that the defendant wilfully failed to protect said wire, etc., contrary to law.

To ascertain if there is any evidence supporting the charge of wilful conduct contained in the fourth, fifth, sixth, seventh, and eighth additional counts, we turn our attention to the testimony in the case. It seems quite appropriate, however, to first state the reasons given in the plaintiff's argument upon which her counsel bases the contention that the defendant was proved guilty of wilful conduct as charged in the declaration. It is urged by the plaintiff that the court erred in sustaining an objection to her offer to introduce in evidence General Order No. 115 of the Illinois Commerce Commission, and also a receipt signed by the secretary of the defendant, showing that the defendant had received a copy of the order on August 24, 1927. The plaintiff then further contends that the admission in evidence of this order and the receipt would be sufficient to lay a foundation for establishing a case of wilful and wanton conduct on the part of the defendant. As the plea of the statute of limitations was properly sustained to the additional counts of the declaration relying upon an alleged violation of said

order, the order and receipt were inadmissible in evidence. The reason given by the plaintiff cannot support the argument that the plaintiff was proved guilty of wilful conduct.

The plaintiff tripped over the guy wire in the nighttime while attempting to cross the parking after she has alighted from a vehicle on the street which has stopped in front of her home. The plaintiff argues further: "The evidence establishing the wilful and wanton conduct complained of by the plaintiff, was that this guy wire in question attached to a ground anchor was placed by the defendant in the parking, a short distance off the line between the sidewalk leading to the home of the plaintiff and the point at which a person would ordinarily alight from a vehicle on the street to go to the home of the plaintiff. The defendant, therefore, was charged with the knowledge that the guy wire was in that position and that it would be dangerous to persons passing from the street to the home of the plaintiff, and it therefore became and was the duty of the defendant, as a matter of law, to place a guard upon such guy wire in order to make it conspicuous, if it could reasonably do so, in order to do what it reasonably might to reduce the danger of injury to people crossing the parking as they were compelled to do to go from a taxi stopped on the street, to the home of the plaintiff. This duty was imposed upon the defendant by law, both common and statutory. This duty the defendant ignored. The defendant, therefore, showed a conscious indifference to consequences in permitting this guy wire to remain without a guard, and without the protection for the people using the parking to which they were entitled by law."

An examination of the evidence discloses that the following occurred at the trial. The husband of the plaintiff was a witness on her behalf, and the court

sustained an objection to the question whether he had frequently seen guy wires such as the one in question, inclosed in metal or wooden boxes. He testified that the wire was not protected by a guard. Another witness on behalf of the plaintiff testified that in his opinion the guy wire in question was not necessary to support the pole. Several witnesses for the defendant testified that the pole had been moved in the fall of 1929 on account of the change in the parking brought about by the paving of Evans avenue, and that after being moved the pole sagged because it carried the weight of overhead wires and a street light; that the guy wire was necessary until the pole became firmly settled in the ground, which would be in about a year's time.

The wire was attached to the pole in September, 1929, and the accident occurred on February 21, 1930. The pole stood in the parking two feet and three and one-half inches east of the street curb on the east side of the avenue. In addition to overhead wires, the pole partly held a street light by means of a wire extending diagonally from the pole to the light suspended in the middle of the avenue. The street light was also supported by a wire extending from a pole which stood on the other side of the avenue diagonally opposite the first pole. The guy wire in question was attached to the pole so that it extended therefrom to an anchor in the ground in line with the wire supporting the street light. The guy wire was thus so placed to brace the pole against the weight of the street light.

The legal term, wilful conduct, means more than inattention, inadvertence, or oversight. A wilful injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as failure, after knowledge of the impending danger to exercise

ordinary care to prevent it, or a failure to discover the danger through recklessness or carelessness when it should have been discovered by the exercise of ordinary care. *Brown v. Illinois Terminal Co.,* 319 Ill. 326. "In order to constitute wilful and wanton misconduct the injury must have been either intentionally inflicted, or produced by acts so grossly negligent as to exhibit a reckless disregard for the safety of others." *Provenzano v. Illinois Cent. R. Co.,* 357 Ill. 192; *Nosko v. O'Donnell,* 260 Ill. App. 544.

It is also contended by the plaintiff that the court erred in excluding evidence offered by the plaintiff to prove that the defendant after the accident removed the guy wire in question from the pole. Under the pleadings in the case such testimony would have no other probative force excepting that it seemingly tended to prove that the defendant "placed," or "maintained" the wire when it was not necessary to do so. Such evidence for that purpose has been held inadmissible. *Colorado Electric Co. v. Lubbers,* 11 Colo. 505, 19 Pac. 479, 7 Am. St. Rep. 255; *Orr v. Dawson Telephone Co.,* 35 Ga. App. 560, 133 S. E. 924; *Cumberland Telephone & Telegraph Co. v. Laird,* 161 Ky. 800, 171 S. W. 386.

On cross-examination the plaintiff testified that the first time she ever knew this guy wire was in the parking was the day after the accident when she looked out of the window in her home. Her evidence in part is as follows: "Q. As you got out of the taxicab and started for your home did you look for anything in the parking? A. I did not." "Q. When you got out of the taxicab that night did you see that pole? A. I did not pay attention to it."

The plaintiff complains that the court erred in giving to the jury the following instruction: "The jury are instructed that a city has a right, under the law, to set aside a certain portion of a city street for travel

and a portion of a city street for parkways, ornamentation, the planting of trees and shrubbery, or for the erection of telephone and electric light poles and equipment thereon, and you are further instructed that if you believe from the evidence that the plaintiff left that portion of the city street devoted to travel upon the parkway, then the plaintiff was not entitled to assume that there should be no obstruction or barriers upon said parkway and was bound in the use of said parkway to use a higher degree of care in ascertaining the condition of the area over which she was about to pass than if she were walking on the sidewalk proper.'' The allegation of the declaration that the plaintiff was in the exercise of due care for her own personal safety, both before and at the time of the accident was to be proved by the plaintiff by a preponderance of the evidence. Considering this evidence the jury should have been clearly and accurately instructed as to the degree of care to have been exercised by the plaintiff in order to prove that allegation. She was required to use such care as reasonable and prudent persons ordinarily exercise under the same or similar circumstances and no more. (*Perryman v. Chicago City Ry. Co.*, 242 Ill. 269.) She denied knowing that the guy wire was in the parking. To say that she was required to use a higher degree of care than would be required while walking on the sidewalk is not the proper measure of care to have been used by the plaintiff while crossing the parking. She was required to use ordinary care commensurate with the danger, but we are of the opinion that the instruction was erroneous in stating that she must use a greater degree of care than while walking on the sidewalk. The jury would understand from such an instruction that she was required to use a greater degree of care than ordinary care or an extraordinary degree of care.

It is contended by the defendant that the evidence shows that the plaintiff was guilty of contributory negligence, and for this reason the case should not be reversed and remanded for a new trial. As the evidence appears we think it was a question of fact for the jury to determine whether the defendant was or was not guilty of contributory negligence. The court also at the request of the defendant gave the following instruction: "The court instructs the jury that there is no presumption of negligence arising against the defendant from the simple fact of itself that the plaintiff was injured as a result of the occurrences in question." This instruction is an abstract statement of a proposition of law and it was not applicable to the facts in the case. It was irrelevant and misleading.

Twenty-two instructions were given for the plaintiff and eleven for the defendant. Twenty-six instructions which were submitted by the parties to the court were refused. To discuss all of the objections made by the parties to the given and refused instructions would be an endless task. We are of the opinion that too many instructions were submitted to the court. (*Daubach v. Drake Hotel Co.*, 243 Ill. App. 298.)

However, it may be added further that instruction 26 is subject to the objection pointed out by the plaintiff that it invades the province of the jury in informing the jury that the declaration admits that the defendant had the right to place the wire in question in the street. It was a question of fact for the jury to determine whether the defendant was negligent in placing the wire and whether it should have been made conspicuous by a covering or guard.

As the giving of the instructions mentioned constitutes reversible error, the case is reversed and remanded for a new trial.

*Reversed and remanded.*