Helen Bandet, Appellant, v. Edward M. Burns and Martin J. Hecht, Appellees.

Gen. No. 35,926.

Opinion filed May 16, 1932.

MOLONEY & POSTELNEK, for appellant; GEORGE H. MOLONEY, of counsel.

McKENNA & HARRIS, for appellee Edward M. Burns; JAMES J. McKENNA and ABRAHAM W. BRUSSELL, of counsel.

O'BRIEN & HANRAHAN, for appellee Martin J. Hecht.

MR. JUSTICE McSURELY delivered the opinion of the court.

Plaintiff having received injuries through a collision of automobiles belonging respectively to the defendants, upon trial of her action to recover compensation had a verdict of not guilty as to both defendants under a peremptory instruction to this effect by the court. She appeals from the judgment entered.

The accident happened July 4, 1928, in Chicago on Lawrence avenue, which runs east, near the intersection with Campbell avenue, which runs north and south. The plaintiff, about 60 years of age, was riding as a passenger in the automobile of Martin J. Hecht, a defendant, sitting in the rear seat. The evidence of the defendant Burns tended to show that he was proceeding north on Campbell avenue and came to a stop at Lawrence just south of the cross walk; that he looked to the west and seeing no vehicle approaching made a gradual turn to the east on Lawrence and had partially made the turn when the car driven by Hecht coming east at a very fast rate of speed ran into the left front of the Burns car, causing the accident from which plaintiff received serious injuries.

On the other hand, the testimony of Martin J. Hecht and Selma Hecht, his daughter, tended to show that as they were driving east on Lawrence avenue and approaching Campbell avenue, the Burns car was parked on the south side of Lawrence avenue facing east and suddenly and without any warning or signal, when the Hecht car was about 15 feet away, the Burns car pulled out from the curb directly into the side of the Hecht car, throwing the plaintiff violently against the right-hand side of the Hecht automobile in which she was riding.

It has long been the law that if there is any evidence which standing alone tends to prove the material aver-

ments of the declaration, the cause must be submitted to the jury. *Libby, McNeill & Libby v. Cook,* 222 Ill. 206. A mere statement of the evidence shows that the question as to whether there was any negligence of either or both of the defendants should have been submitted to the jury.

The same thing is true of the question whether plaintiff was guilty of any contributory negligence. Considering her years and her position in the rear seat of the Hecht automobile, it is difficult to see what she could have done toward preventing the collision, especially if, as Hecht and his daughter testified, the Burns car turned suddenly without warning or signal into the pathway of the Hecht car when they were only 15 feet apart.

The declaration alleged that the accident happened July 4, 1928, on Lawrence avenue in Chicago, "a short distance east of the intersection" with Washtenaw avenue. The evidence tended to show that the collision took place near Campbell avenue, which is a few short blocks east of Washtenaw; and thereupon plaintiff asked leave to amend the declaration so as to place the accident at or about the intersection of Lawrence avenue and Campbell avenue. The court refused to allow the amendment, apparently upon the ground that to do so would state a new cause of action, and as the motion to amend was made in December, 1931, the statutory one-year limitation had expired. In *Zister v. Pollack,* 262 Ill. App. 170, construing section 39, chapter 110, Illinois Statutes (Cahill, ¶ 39), we held that this applied to a situation where, through inadvertence the declaration had omitted some allegation which in no way affected the facts or merits of the cause. The object of a declaration is to apprise the defendant of the character of the claim against him. Here, the evidence showed that no one was misled; that all of the parties understood that the declaration

referred to the accident happening on the date alleged on Lawrence avenue at or near the intersection of Campbell avenue; that there was no other accident in which these parties were involved at that time or place. Regardless of section 39, we are of the opinion that the amendment did not state a new cause of action. We are of the opinion that plaintiff should have been allowed to amend her declaration and that to refuse this was reversible error.

With the declaration amended, the case presented questions of fact for the determination of the jury, and a peremptory instruction in favor of defendants should not have been given.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

O'Connor, P. J., and Matchett, J., concur.