Mary E. Redmond, Administratrix of the Estate of John T. Redmond, Deceased, Plaintiff in Error, v. John Schilthelm and Jacob Schilthelm, Defendants in Error.

Gen. No. 36,909.

Opinion filed January 15, 1934.

PHILIP ROSENTHAL, for plaintiff in error; JOHN B. KING and STUART B. KROHN, of counsel.

ELBRIDGE W. RICE, for defendants in error.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

June 27, 1929, plaintiff administratrix began an action on the case against one John Schilthelm. November 13, 1930, on plaintiff's motion, Jacob Schilthelm was made an additional defendant, and November 30th plaintiff filed an amended declaration which in substance alleged that plaintiff's intestate met his death May 6, 1929, in an automobile accident by reason of the negligence of defendants in driving an automobile on the public highway. One of the counts alleged that defendants drove wilfully and wantonly; the third, that defendants were negligent in failing to warn the deceased. The declaration avers "that suit was brought within one year of the date of the death of the said John T. Redmond, deceased."

Jacob Schilthelm filed pleas of the general issue, nonownership and operation, and alleged that the action was not commenced against defendant until the filing of the amended declaration on November 15, 1930, which was more than one year after the death of the intestate. As to this last plea plaintiff replied that she ought not to be barred by reason of section 39, chapter 110 of the revised statutes (see Cahill's St. 1933, ch. 110, ¶ 39 [App'x] ; Smith-Hurd's Ill. Rev. St. 1933, ch. 110, sec. 39, pp. 2160 and 2161). A demurrer to this replication was sustained, and plaintiff electing to abide by her replication, judgment was entered for

defendants. Plaintiff now asks us to reverse this judgment.

Plaintiff says: ''A single question is presented in this case. It is whether the amendment to Article 39, Chapter 110 of the Revised Statutes of Illinois permits an amendment making an additional party defendant in a death case after one year from the date of death.''

Prior to the enactment of the amendment on June 26, 1929 (see Laws of 1929, p. 578), the statute provided:

''At any time before final judgment in a civil suit amendments may be allowed on such terms as are just and reasonable, introducing any party necessary to be joined as plaintiff or defendant.''

The amendment of 1929 adds these words:

''Any amendment to any pleading shall be held to relate back to the date of filing the original pleading so amended, and the cause of action or defense set up in the amended pleading shall not be barred by laches, or lapse of time under any statute prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed.''

Plaintiff contends ''that the decision of the trial court entirely ignored the plain language of the amendment as amended and placed a construction upon it directly opposed to the words used and the clear, definite intent of the legislature.'' Plaintiff cites two cases: *Hougland v. Avary Coal & Mining Co.,* 246 Ill. 609, and *Zister v. Pollack,* 262 Ill. App. 170. Neither of these cases sustains her contention.

The *Hougland* case was decided prior to the enactment of the amendment of June 26, 1929, and was a suit brought by the widow of the deceased and two children, his dependents, to recover damages under

the so-called "Shot Firers" Act relating to the operation of coal mines, Cahill's St. ch. 93, ¶ 36 *et seq.* See Laws of 1899, p. 300. The declaration alleged that the husband and father met his death as a result of the failure of the defendant to comply with the provisions of that act. Upon the trial it developed that there was a third child by a former marriage who was also entitled to participate in the damages recovered. Although more than a year had expired from the date of the death of the father, the court permitted an amendment adding the name of this third child as a party plaintiff, and the Supreme Court held that this was only by way of amendment and did not amount to the statement of a new cause of action.

In the *Zister* case plaintiff on February 21, 1930, filed the original declaration in an action for wrongful death. The declaration averred that the death of the deceased occurred on February 16, 1929, and that the action was commenced "within one year from the date of the death." Obviously, if the death occurred February 16, 1929, an action begun on February 21, 1930, was not brought within one year from the date of death. June 25, 1930, plaintiff filed an amended declaration substantially the same as the original declaration with the exception that it alleged that the death of the deceased occurred February 24, 1929, as a result of injuries sustained February 16, 1929. The parties stipulated that the death actually occurred on the date averred in the amended declaration, and that the action was commenced February 21, 1930. The trial court upon the facts thus appearing held that the cause of action was barred by the statute of limitations. This court reviewed the authorities and stated:

"Prior to the enactment of the amendment to section 39, there were many pitfalls that were fatal to a plaintiff should his counsel fail to allege in his dec-

laration all essential facts and should the time limited within which an action must be brought have expired before the omission had been discovered. And such omissions in most cases do not prejudicially affect the defendant in the filing of his pleading or the making of his defense. It was to obviate and remove these pitfalls that the Legislature enacted the amendment." The opinion quotes with approval from the statement of Mr. Justice Holmes in *Seaboard Air Line Ry. v. Renn*, 241 U. S. 290, to the effect that in construing a statute of this kind "a liberal rule should be applied," held that the amendment was permissible notwithstanding the provision and limitation of the statute, and reversed the judgment and remanded the cause for a new trial.

The theory for which plaintiff contends would practically eliminate the provision and limitation of the statute; and that, clearly, was not the intention of the legislature. The statute upon which plaintiff's suit is based "is more than an ordinary statute of limitations and goes to the right to sue at all." *Hartray v. Chicago Rys. Co.*, 290 Ill. 85.

No case construing this section of the statute sustains the construction for which plaintiff contends. *Townsend v. Postal Benefit Ass'n*, 262 Ill. App. 483; *Pfeffer v. Farmers State Bank of Schaumburg*, 263 Ill. App. 360; *Bandet v. Burns*, 266 Ill. App. 382. Moreover, the pleading shows that the cause of action here set up accrued prior to the enactment of the amendment. The amendment does not provide that it shall have a retrospective effect, and it is therefore not applicable in this particular case. *Thompson v. Alexander*, 11 Ill. 54; *Hanley v. Waters*, 255 Ill. App. 239; *McGirr v. Pritchard*, 258 Ill. App. 467.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

O'CONNOR and McSURELY, JJ., concur.