(No. 22158.—

LUCINDA HOLDEN, Admx., Plaintiff in Error, *vs.* JACK SCHLEY *et al.* Defendants in Error.

*Opinion filed February 23, 1934—Rehearing denied April 6, 1934.*

NELSON B. LAYMAN, and DECK & JACK, (JESSE L. DECK, of counsel,) for plaintiff in error.

LEFORGEE, SAMUELS & MILLER, and JOHN R. FITZGERALD, (CHARLES Y. MILLER, of counsel,) for defendants in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

On September 3, 1928, A. T. Holden, late of Macon county, was killed in an automobile accident claimed in this suit to have been caused by the negligence of Jack Schley, Frank Gilhaus and F. A. Pugsley, hereinafter referred to as the defendants. The plaintiff in error, as administratrix of his estate, started this action in trespass on the case by *præcipe* on August 6, 1929, within one year after the

death of the deceased. Summons was issued the same day and served on all of the defendants before the 13th of August. The declaration was filed on September 24, 1929.

The declaration consisted of three counts, the first of which alleges that the accident happened "while plaintiff's intestate with all due care and caution was riding in a certain motor vehicle," etc. The second count alleges the accident to have happened while the plaintiff's intestate was riding in a certain motor vehicle which "one Bettie Holden was then and there driving with due care and caution for the safety of plaintiff's intestate," and which further alleges that the accident happened while "the automobile in which plaintiff's intestate was riding was being operated with due care and caution for the safety of the passengers, as aforesaid, and while the plaintiff's intestate was in the exercise of due care and caution for his own safety." The third count alleges that the accident happened while the automobile in which the deceased was riding was being driven by one Bettie Holden, who was then and there driving the same with all due care and caution for the safety of plaintiff's intestate and for her own safety and the safety of other passengers, and further alleges the accident to have happened "while the driver of the automobile in which plaintiff's intestate was riding was, at and before the time of the collision hereinafter referred to, driving said automobile with due care and caution for the safety of said driver and for the safety of the other passengers in said car and while plaintiff's intestate was exercising due care and caution for his own safety." Each count alleges that the action was commenced by *præcipe* and summons within one year after the death of the deceased, and that the deceased left surviving him Lucinda Holden, his widow, and Charles Holden, his son and next of kin, as his only surviving beneficiaries.

General and special demurrers were interposed to the declaration upon the theory that it was defective in not

alleging that the next of kin of the deceased, who would benefit by the judgment in the case, were in the exercise of due care for the safety of the deceased at the time and place of the accident. After these demurrers were sustained, and after the expiration of one year from the death of the deceased, the plaintiff amended each count of the declaration by adding an allegation to the effect that the death of the deceased was not in any manner caused or contributed to by any failure to exercise reasonable care on the part of any of the beneficiaries or next of kin. The trial court held that the amendment to the declaration caused it to state a cause of action for the first time more than one year after the death of the deceased and sustained demurrers to it. The plaintiff abided by her declaration and carried the case by appeal to the Appellate Court for the Third District, where the judgment was affirmed. The case is before us on *certiorari* to that court.

It is contended by plaintiff in error that the original declaration stated a good cause of action, or, upon its worst construction, stated a cause of action defectively, and furthermore, that the amendment of 1929 to section 39 of the Practice act (Smith's Stat. 1931, chap. 110, p. 2198,) caused the amendment to relate back to the original declaration and cured any possible defect in it. We find it unnecessary to pass on the second point.

It was held by the trial and Appellate Court that it was necessary in this case that the plaintiff allege and prove that the next of kin or beneficiaries were free from negligence which contributed to the injury, and the same proposition is argued here upon the authority of *Hazel* v. *Hoopeston-Danville Bus Co.* 310 Ill. 38, *Follett* v. *Illinois Central Railroad Co.* 288 id. 506, and *Ohnesorge* v. *Chicago City Railway Co.* 259 id. 424. We are not aware of having announced any such rule of pleading, and to determine that point have reviewed the cases cited. The earliest of these three cases (*Ohnesorge* v. *Chicago City Railway Co.*)

was an action for damages brought on behalf of the next of kin because of the death of a three-year-old child who resided with his father and mother and older brother in the city of Chicago. The father of the deceased, while leading the child by the hand, got in front of a street car. The father was severely injured and the child was killed. It was held in that case that the contributory negligence of the father of the deceased, who would be one of the persons to participate in the proceeds of any judgment that might be rendered, was a defense to the alleged negligence of the defendant railway company. No question of pleading appears to have been involved in the case. Neither was there any question of pleading involved in *Follett* v. *Illinois Central Railroad Co.* In that case the child who was killed was seven years old, and the court held that the defendant had a right to have the law given to the jury that the burden was on the plaintiff to prove the exercise of ordinary care on the part of the parents, who were to participate in any recovery. The third case relied on (that of *Hazel* v. *Hoopeston-Danville Bus Co.*) is also devoid of any question of pleading. In that case it appeared that the husband of the deceased was driving the automobile and that he would participate in the proceeds of any judgment, and that his own negligence directly contributed to the injury. In that case it was held that contributory negligence of one of the persons for whose benefit the recovery is authorized is a defense to the statutory action, and this has long been the established law in Illinois, as will appear from a full review of the authorities in the case last mentioned. Many other cases will be found upon an examination of the subject, but it will be learned that in each of them the case either involves an infant, which is necessarily under the control of its parents and for which control the parents are responsible, or else it appears from the pleadings or the proof in the case that the negligence of an adult next of kin directly contributed to the death in

question. We have never held, and no case has been cited to us which has held, that in case of an adult person, who is presumed capable of caring for himself, it is necessary to allege anything more than that he himself was in the exercise of due care and caution for his own safety. Even though it be entirely true and in accordance with our holding that the negligence of the next of kin who contributed to the injury would bar the action, yet it cannot be held that they are under the duty to aver or prove that they were in the exercise of due care for the safety of an adult when he is presumed to be responsible for his own safety, and when they might not even be present or have any opportunity to exercise any care or have any influence or voice in the transaction. The declaration in this case showed the deceased to be an adult, leaving a wife and son surviving him. It shows on its face that the driver of the car was not one of his next of kin. Proof of the facts stated in the declaration—*i. e.*, that the deceased himself and the driver of the car with whom he was riding, not being one of his next of kin, were in the exercise of due care and caution for his safety and that the accident resulted by reason of the negligence of the defendants or some of them—would have entitled the plaintiff to a verdict and judgment. No further proof could have been required of her, although the defendants might have successfully defended by introducing affirmative proof to show that some one of the next of kin was in fact guilty of negligence which contributed to or caused the injury. It would be beyond any rule which we have heretofore announced, and further than we would care to go, to hold that such an affirmative defense must be negatived in the plaintiff's original pleading. It is to be understood that we are expressly not passing on any question involving a child of tender years, nor upon the sufficiency of any declaration which might show on its face that some one of the next of kin participated in the transaction in question.

550

Inasmuch as the original declaration stated a good cause of action it is unnecessary for us to pass on the other questions raised.

The judgments of the Appellate Court and circuit court will be reversed and the cause remanded to the circuit court of Macon county.