Lucile Keslick, Administratrix of the Estate of Floyd H. Keslick, Deceased, Appellant, v. Williams Oil-O-Matic Heating Corporation, Appellee.

**Gen. No. 8,826.**

Opinion filed October 10, 1934.

LOREN B. LEWIS, for appellant; IVAN H. LIGHT, of counsel.

LEDERER, LIVINGSTON, KAHN & ADLER and BRACKEN, LIVINGSTON & MURPHY, for appellee; SIGMUND LIVINGSTON, HERBERT LIVINGSTON and ARCHIE H. SIEGEL, of counsel.

MR. JUSTICE FULTON delivered the opinion of the court.

On November 3, 1932, Lucile Keslick, as administratrix of the estate of Floyd H. Keslick, deceased, filed

a suit for damages for the death of her husband, Floyd H. Keslick. The declaration charged a violation by appellee of the Occupational Diseases Act, Cahill's St. ch. 48, ¶ 185 *et seq.*, resulting in the death of Floyd H. Keslick, on December 6, 1931, leaving a widow and minor child surviving; on September 18, 1933, additional counts were filed restating the cause of action set out in the original count. The appellee filed a demurrer to the original declaration and additional counts which was sustained, on the grounds that the action was improperly brought by the administratrix. Thereafter on September 26, 1933, the declaration and additional counts were amended, by substituting Lucile Keslick, individually, and William Keslick by Lucile Keslick, his next friend, as plaintiffs in the place of Lucile Keslick, administratrix of the estate of Floyd H. Keslick, deceased. On October 18, 1933, plaintiff dismissed William Keslick, by Lucile Keslick, his next friend, as a party plaintiff and also dismissed all counts except the original declaration as amended, leaving Lucile Keslick as the sole plaintiff. The appellee filed a plea of the general issue to the declaration as amended and a special plea setting up that the "several supposed causes of action in the said amended declaration mentioned are separate and distinct causes of action from those alleged in the original declaration and that they did not accrue to the plaintiff at any time within one year next before the filing of the amended declaration."

Appellant demurred to this plea and upon hearing the court overruled the demurrer. Appellant elected to stand by the demurrer and judgment of *nil capiat* was entered, from which judgment appellant perfected her appeal to this court.

The only question raised upon the appeal is whether or not the court properly overruled the demurrer to the special plea of the appellee, or whether the substitution of Lucile Keslick, individually, for Lucile Kes-

lick, administratrix, etc., is such an amendment as is allowable, or whether it is such a change as to be the stating of a new cause of action. Appellant contends that under paragraphs one and two, section 39 of the old Practice Act, Cahill's St. ch. 110, ¶ 39 (App'x), the amendment is permissible and that the substitution does not state a new cause of action even though it is conceded that the substitution took place more than one year after the cause of action accrued.

The Occupational Diseases Act, Cahill's Illinois Statutes, ch. 48, ¶ 199 (a), provides that all rights of action thereunder shall accrue "to the widow of such deceased person, his lineal heirs or adopted children, or to any other person or persons who were, before such loss of life, dependent for support upon such deceased person." In construing a similar provision of the Mines Act our courts have said such language confers the sole right of action to the widow if she be living. *McFadden v. Saint Paul Coal Co.*, 183 Ill. App. 36.

There was, therefore, no cause of action under the Occupational Diseases Act accruing to the administratrix of the deceased, and she was not empowered by any statute to bring this action. The Occupational Diseases Act is in derogation of the common law and must be strictly construed. "In a statutory action like this, where the right is conditional, the plaintiff must bring himself clearly within the prescribed requirements necessary to confer the right of action." *Hartray v. Chicago Rys. Co.*, 290 Ill. 85.

It therefore seems clear that the original declaration filed in this case by the administratrix of the estate of Floyd H. Keslick, deceased, stated no cause of action, and indeed no cause of action was stated under the Occupational Diseases Act until the amendment to the original declaration was filed nearly two years after the date of the death of Floyd H. Keslick. It is contended however by appellant's counsel that

because of the amendment to section 39 of the old Practice Act, Cahill's St. ch. 110, ¶ 39 (App'x), the amendment relates back to the filing of the suit. That amendment provided that amendments are applicable "if it shall appear from the original and amended pleading that the cause of action asserted . . . in the amended pleading grew out of the same transaction or occurrence, and is substantially the same as set up in the original pleading." In the present case the original declaration stated no cause of action because the statute did not authorize suit to be brought by the administratrix.

We therefore do not think that the cause of action asserted in the amended declaration can be held as being substantially the same as that stated in the original declaration. The Appellate Courts of this State have recently so construed that amendment to the Practice Act. *Hanley v. Waters,* 255 Ill. App. 239; *Holden v. Schley,* 271 Ill. App. 159; *Redmond v. Schilthelm,* 273 Ill. App. 222. The case of *Zister v. Pollack,* 262 Ill. App. 170, relied on by appellant, might seemingly appear to be in conflict, but in that case there was a defective statement of a good cause of action and not the assertion of a new cause of action in the amendment.

Inasmuch as the original declaration in this case stated no cause of action under the Occupational Diseases Act, and the amendment which did state a cause of action for the first time was made more than one year after the death of Floyd H. Keslick, deceased, the time for filing suit under that act had expired and the court properly overruled the demurrer of appellant to the special plea of appellee.

*Affirmed.*