W. L. Friend, Administrator of the Estate of Jessie May Friend, Deceased, Appellant, v. The Alton Railroad Company, Appellee.

Gen. No. 8,918.

Opinion filed January 17, 1936.

A. B. Johnson, of Roodhouse, for appellant.

Coyle & McDonald, of Carrollton, for appellee.

Mr. Presiding Justice Davis delivered the opinion of the court.

William L. Friend and Frank Friend, Frances Friend, Erastus Friend, Harvey Friend, William Friend and Russell Friend, minors, by W. L. Friend, their next friend, brought suit against the Alton Railroad Company, a corporation, to the September term, A. D. 1932, of the circuit court of Greene county, in an action on the case to recover damages resulting from the death of Jessie May Friend, alleged to have been caused by the negligence of appellee.

The declaration alleged that Jessie May Friend was the wife of W. L. Friend, and mother of Frank Friend, Frances Friend, Erastus Friend, Harvey Friend, William Friend and Russell Friend, and that she was killed on May 23, 1932, by reason of the negligent operation of one of the trains of appellee. On January 9, 1934, the circuit court sustained a general demurrer to the declaration of plaintiff, and on July 2, 1934, an amended complaint was filed in said cause by leave of the court by W. L. Friend, administrator of the estate of Jessie May Friend, deceased, he being substituted as party plaintiff, the allegations of which complaint were substantially the same as those contained in the original declaration filed in said cause. On October 11, 1934, appellee filed its answer to said amended complaint, in which it is alleged, in substance, that the action was not commenced within one year of the death of Jessie May Friend. Appellant filed his motion to strike the answer of defendant for the reason that said answer was insufficient in law to bar a recovery by the plaintiff. The court denied the motion of appellant and he elected to stand upon his motion and refused to

plead over or proceed further in said action, and judgment was entered in favor of appellee and in bar of the action and for costs.

Appellant contends that the court erred in entering judgment in bar of his action.

The position of appellant is that the original declaration stated a cause of action, but stated it defectively, and that under the provisions of section 46 of the Civil Practice Act, Ill. State Bar Stats. 1935, ch. 110, ¶ 174, amendments may be allowed at any time before final judgment and any amendment of any pleading shall be held to relate back to the date of the filing of the original pleading.

We are of the opinion that the original declaration did not state a cause of action or, in other words, it did not aver facts sufficient to justify a court in rendering judgment. It is apparent that it did not for the reason that even though the facts stated might warrant a recovery under the Injuries Act, Ill. State Bar Stats. 1935, ch. 70, in a suit by the personal representative of the deceased yet, in the common law action brought by the husband and children of deceased, no right of action existed for the recovery of damages for the injury resulting in the death of deceased. No cause of action was stated until the amended complaint was filed and W. L. Friend, administrator of the estate of Jessie May Friend, deceased, was substituted as plaintiff.

The Injuries Act of 1853 gave a new cause of action when the injury resulted in death. In cases where the injury resulted in death the common law action was abated, but under the Act of 1853, the right of action was continued in the name of the legal representatives of the deceased for the benefit of the widow and next of kin. This continued action is a new suit unknown to the common law and is purely statutory. *Wilcox v. Bierd,* 330 Ill. 571. The act, having created new liabilities and rights unknown to the common law, con-

ferred jurisdiction which can be exercised only in the manner and within the limitations prescribed by the statute and the plaintiff must bring himself within the conditions of the act. *Welch v. City of Chicago,* 323 Ill. 498; *Bishop v. Chicago Rys. Co.,* 303 Ill. 273.

The action must be brought by and in the name of the personal representative of the deceased and shall be commenced within one year after the death of such person. The period of one year is not a statute of limitations but is a condition of the liability itself.

We are of opinion that section 46 (2) of the Civil Practice Act has no application to actions when the period of time within which a suit shall be commenced is a condition of the liability itself and the person authorized fails to bring the action within the time limited, but after the lapse of the period such personal representative is substituted by amendment as party plaintiff in a suit commenced by persons not authorized to sue by the statute creating the liability.

The bringing of the suit in the name of the personal representative of deceased, and the commencement of the suit within one year after the death of such person by his personal representative are conditions precedent to the right to recover damages under the Injuries Act for injuries resulting in the death of a person caused by the wrongful act of another.

So much of said section 46 (2) as is necessary to be considered in the determination of the question as to whether an amendment shall relate back to the date of the filing of the pleading amended, provides: that a cause of action shall not be barred by lapse of time under any statute limiting the time within which a right may be asserted, if the time had not expired when the original pleading was filed, and it shall appear from the original and amended pleadings that the cause of action asserted grew out of the same transaction or occurrence set up in the original plead-

ing, even though it was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery, when such condition precedent has in fact been performed, and for the purpose of preserving as aforesaid such cause of action, any such amendment shall be held to relate back to the filing of the original pleading so amended.

It will be seen that an amendment to a declaration will be held to relate back to the date of the filing of the pleading amended and thus prevent the action from being barred by lapse of time when such pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery, when such condition precedent has in fact been performed.

From the record in this case it appears that two conditions precedent necessary to a right of recovery were not in fact performed within the time required, namely, the bringing of the suit by the personal representative of the deceased and the commencement of the suit within one year after the death of such person by such personal representative.

To give to this section 46 (2) of the Civil Practice Act the construction contended for by appellant would be to eliminate the provisions and limitations contained in the Injuries Act wherein it is provided that the action must be brought by and in the name of the personal representative of the deceased, and shall be commenced within one year after the death of such person, and no such intention can be attributed to the legislature by the language used.

We are of opinion that the judgment of the circuit court of Greene county should be affirmed.

*Affirmed.*