Metropolitan Trust Company, Appellee, v. Bowman
Dairy Company, Appellant.

Gen. No. 39,553.

Opinion filed December 6, 1937. Rehearing denied and supplemental opinion filed December 22, 1937.

MONTGOMERY, HART, PRITCHARD & HERRIOTT, of Chicago, for appellant; LOUIS E. HART and L. EDWARD HART, JR., of counsel.

RYAN, SINNOTT & MILLER and KELNER & KELNER, all of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

The Bowman Dairy Company appeals from a judgment in the sum of $5,000, entered upon a verdict of the jury in an action under the statute for negligence causing the death of plaintiff's intestate. The jury also returned a verdict that a codefendant, Fred G. Kunz, was not guilty. It is urged for reversal that there was a fatal variance between the allegations of the original complaint and the proofs; that an amendment made to cure this variance states a new cause of action that is barred by the limitations contained in the Injuries Act, Ill. Rev. Stat. 1937, ch. 70, § 1 et seq.; Jones Ill. Stats. Ann. 38.01 et seq.; that the

court erred in the giving and refusing of instructions; that the verdict is contrary to undisputed facts as to the physical situation at the time of the accident, which establish the impossibility of the accident having occurred under the circumstances as plaintiff contends; and that plaintiff failed to prove the accident was the actual cause of the death of plaintiff's intestate.

The suit was begun in December, 1934. The complaint alleged the death of plaintiff's intestate as a result of an accident which occurred at the northwest corner of 47th street and Albany avenue in Chicago on October 20, 1934; "that the defendants and each of them carelessly and negligently operated their vehicles in such a manner as to strike the decedent, inflicting severe personal injuries, which proximately resulted in the death of the decedent." The evidence shows that 47th street runs east and west and Albany avenue extends north and south. Deceased and her sister-in-law were walking east on the sidewalk on the north side of 47th street; they reached a point a few feet from the west curb line of Albany avenue; this was about 1 o'clock in the afternoon. It had been raining and the streets were wet and slippery; as deceased approached the point where the accident occurred a westbound automobile truck, driven by defendant Fred Kunz, approached the intersection from the east; at the same time Bruno Skopeck, driver of a milk wagon for defendant dairy company, drove the wagon, of the horse-drawn type, east on 47th street, driving on the south side of the street in the eastbound street car track; he was to make his next delivery of milk at 4618 Albany avenue, north of 47th street; Kunz, driver of the truck, as he approached the intersection, was straddling the north rail of the westbound street car track, and as the evidence indicates, was moving at a speed not to exceed 20 miles an hour. The testimony of Kunz is to the effect that

an eastbound street car pulled up behind the milk wagon, came to a stop, rang its gong, and that the driver of defendant's milk wagon thereupon turned his horse abruptly and sharply toward the north into Albany avenue and directly in front of the approaching truck. Skopeck, the milk man, denies that there was any street car in the vicinity, but apparently testified to the contrary at the coroner's inquest. There was evidence from which the jury might find that when the driver of the milk wagon suddenly turned toward the north, Kunz also turned toward the north in an effort to avoid a collision. The swerving of the truck, however, caused the rear of it to skid and it slid over the clay and tar on the pavement and over the curb on the northwest corner of the intersection, over the parkway and the sidewalk; the truck came to a stop in a vacant lot and was facing in a northeasterly or easterly direction. When the truck skidded up on the sidewalk it struck both women.

It appears from the undisputed evidence that the truck, not the milk wagon, struck decedent. During the trial on December 2, 1936, defendant pointed out an alleged variance between the proof and the complaint, in that it was alleged that both vehicles struck deceased while the evidence showed that only the truck actually struck her. An order was entered granting leave to plaintiff to amend its complaint, which was accordingly done. When the amendment was filed defendant dairy company made a motion to dismiss the amended complaint on the ground that it stated a cause of action which had not accrued within one year of the filing of the amendment. This motion was overruled. The defendant excepted and elected to allow its original answers to stand as its answers to the complaint as amended. Plaintiff then entered a motion to strike the motion of defendant Bowman Dairy Company which was denied, and defendant Kunz elected to allow his answer on file to stand as his

answer to the complaint as amended. The dairy company now contends that this amendment to the complaint stated a new cause of action, because the original complaint alleged the striking of plaintiff's intestate by a vehicle of the Bowman Dairy Company, whereas the amended complaint alleged that the vehicle of the dairy company caused the truck of defendant Kunz to so strike plaintiff's intestate. Further, that this new cause of action is barred by the Injuries Act, which provides in substance that the death for which an action under the statute will lie must have occurred within one year of the filing of the suit, and that the filing of such a suit within one year from the date of the death of the decedent is a condition precedent to the right to maintain an action. At the time at which this suit was begun, indeed when the accident occurred, the Civil Practice Act was applicable. (See Ill. Rev. Stat. 1937, ch. 110, § 170, p. 2396; Jones Ill. Stats. Ann. 104.046). Sec. 46, subd. (1) is a continuation of sec. 39 of the old act (Cahill's Ill. St. 1933 [Appendix] ch. 110, ¶ 39) but with significant changes. First, in the old act it was provided that amendments to a pleading might be made introducing any party necessary to be joined as plaintiff or defendant, etc. In the new act the provision is that the amendment may introduce any party *who ought to have been joined* as plaintiff or defendant. Second, in the old act it is provided that the amendment may discontinue as to any *joint plaintiff or joint defendant.* In the new act it is provided that the amendment may discontinue as to *any plaintiff or defendant.* Third, in the old act it is provided that the amendment may change the *form* of action. In the new, that it may change *the cause of action or defense or adding new causes of action or defenses.* Fourth, in the old statute the purpose of this is stated to be to enable the plaintiff to *sustain the action* for the claim for which

it was intended to be brought, or the defendant to make a *legal defense*. In the new, the purpose is stated to be that the amendment may enable the plaintiff to *sustain the claim* for which it was intended to be brought or the defendant to make *a defense* or assert *a cross-demand*. The Appellate Courts of this State have not been by any means unanimous in the construction given to sec. 39 as amended. The second division of this court, in *Hanley v. Waters,* 255 Ill. App. 239, held that an amendment to a declaration filed under the Injuries Act, which for the first time alleged the deceased left next of kin surviving, stated a new cause of action and was not saved from the operation of the time limitation of that act by an amendment filed pursuant to said sec. 39. As a matter of fact, however, the action there was based upon an accident occurring October 27, 1925. The action was therefore barred before the amendment to sec. 39 of the old Practice Act was enacted in 1929. As the cause arose and the case was tried before July 1, 1929, when the amendment to sec. 39 went into effect, what was said in the opinion and specially concurring opinion on this question was purely *obiter*.

In the later case of *Zister v. Pollack,* 262 Ill. App. 170, it was stipulated that Zister was injured on February 16, 1929, and died as a result of the accident and injury February 24, 1929, and that the suit was begun February 21, 1930. The original declaration did not allege that Zister died on February 24, 1929. On June 25, 1930, an amendment was filed making that averment for the first time. The trial court held that the original declaration did not state a cause of action, and that the cause of action set up in the amended declaration was barred. This court, upon appeal, held in substance that the declaration would have been sufficient even at common law, after verdict. That by reason of the enactment of the amend-

ment of 1929 to sec. 39 the amendment related back to the date of filing the original pleading; that even assuming the original declaration did not state a cause of action, the amendment related back in conformity with sec. 39 as amended because the cause of action asserted in the amended declaration grew out *of the same transaction or occurrence* and was substantially the same as that set up in the original declaration. In that case we said (p. 179): ''Prior to the enactment of the amendment to section 39, there were many pitfalls that were fatal to a plaintiff should his counsel fail to allege in his declaration all essential facts and should the time limited within which an action must be brought have expired before the omission had been discovered. And such omissions in most cases do not prejudicially affect the defendant in the filing of his pleading or the making of his defense. It was to obviate and remove these pitfalls that the Legislature enacted the amendment. With this construction, effect will be given to the enactment.''

After discussing the case of *Hanley v. Waters,* 255 Ill. App. 239, we further said: ''It has long been the settled law of this State that a 'mere defect in the pleading' might be amended after the statute of limitations had run, without affecting the plaintiff's right to recover. *Klawiter v. Jones,* 219 Ill. 626. So that the amendment as construed in the *Hanley* case would be ineffective and meaningless,—which construction we think ought not be adopted unless there is compelling reason for doing so.''

In the later case of *Bandet v. Burns,* 266 Ill. App. 382, a declaration for personal injuries alleged that the accident occurred on Lawrence avenue in Chicago, a short distance east of the intersection with Washtenaw avenue. The evidence showed that it in fact occurred at Campbell avenue, a few blocks to the east. The plaintiff asked leave to amend; the court refused on the theory that the amended declaration

stated a new cause of action, and that the statute of limitations had barred the action. On the authority of *Zister v. Pollack* we reversed the judgment and remanded the cause.

In *Straus Nat. Bank & Trust Co. v. Marcus,* 274 Ill. App. 597, upon appeal from a judgment for plaintiff in an action brought under the Injuries Act, it appeared that the court, during the trial, allowed plaintiff to file two additional counts, to which defendant filed a plea of the statute of limitations, to which the plaintiff demurred, and the court sustained the demurrer. The court, after stating that in its opinion the additional counts did not state a new cause of action, said (p. 615): "Furthermore, we think that under section 39 of our former Practice Act, in force when the present action was commenced and when the judgment appealed from was entered, said additional counts would relate back to the date of the filing of plaintiff's original declaration. (*Bandet v. Burns,* supra; *Zister v. Pollack,* 262 Ill. App. 170, 179–182.)"

In *McGirr v. Pritchard,* 258 Ill. App. 467, a declaration under the Injuries Act was filed January 26, 1928. The declaration did not aver either the date on which the accident occurred nor the date on which the decedent died. On March 18, 1929, the court granted defendant leave to withdraw his plea of not guilty and to file a demurrer to the declaration which was confessed by plaintiff. June 25, 1929, plaintiff filed a motion for leave to amend by inserting the date of the death of the decedent in each count of the declaration. The court denied the motion and dismissed the suit, rendering judgment against plaintiff. After the filing of the motion to amend his declaration, sec. 39 of the former Practice Act as amended became effective on July 1, 1929. The court said that the question upon the record was whether the amendment became operative and effective so as to authorize the amendment to the declaration. The court held

that the cause of action once barred by the statute of limitations could not be revived, or the right of defense to an action when once acquired could not be affected by a subsequent amendment or repeal of the statute; that the right to set up the bar of such a statute or to impose any other defense theretofore acquired was a vested property right which could not be taken away by legislation, and on that theory affirmed the judgment of the trial court.

In *Holden v. Schley*, 271 Ill. App. 159, the administratrix sued under the Injuries Act because of injuries from which decedent died September 3, 1928. The original declaration was filed September 24, 1929. At the May term, 1930, an amendment to the declaration was filed, which for the first time averred that decedent left next of kin him surviving. The original declaration also failed to allege that the next of kin were in the exercise of due care. The trial court sustained a demurrer to the amended declaration, and the Appellate Court for the third district affirmed the judgment of the trial court, holding that sec. 39 as amended was not applicable to an action under the Injuries Act. Upon appeal to the Supreme Court the judgment was reversed. (355 Ill. 545.)

In *Keslick v. Williams Oil-O-Matic Heating Corp.*, 277 Ill. App. 263, the plaintiff, as administratrix, on November 3, 1932, filed her suit for damages on account of the death of her husband, as the declaration alleged by reason of violation by defendant of the Occupational Diseases Act. Additional counts were filed and defendant afterward filed a demurrer to the original declaration and additional counts, and the demurrer was sustained on the ground that the action was improperly brought by the administratrix. Thereafter, on September 26, 1933, the declaration and additional counts were amended by substituting Lucille Keslick, individually, and William Keslick by Lucille Keslick (the widow and children) his next

friend, as plaintiffs instead of the administratrix. October 18, 1933, the plaintiff dismissed William Keslick, by his next friend, as a party plaintiff and also dismissed all counts except the original declaration as amended. This left Lucille Keslick as the sole plaintiff. Defendant filed a plea of the general issue and an amended and special plea, setting up that the supposed causes of action were separate and distinct from those alleged in the original declaration, and that the same did not accrue at any time within one year next before the filing of the amended declaration. Plaintiff demurred to the plea. The court overruled the demurrer. She elected to stand by it, and judgment of *nil capiat* was entered from which plaintiff appealed to the Appellate Court of the third district. It was argued that under sec. 39 of the old Practice Act the amendment related back to the filing of the suit. The Appellate Court of the third district said that the original declaration failed to state a cause of action because the statute did not authorize suit to be brought by the administratrix. The court said (p. 266): "We therefore do not think that the cause of action asserted in the amended declaration can be held as being substantially the same as that stated in the original declaration. The Appellate Courts of this State have recently so construed that amendment to the Practice Act. *Hanley v. Waters,* 255 Ill. App. 239; *Holden v. Schley,* 271 Ill. App. 159; *Redmond v. Schilthelm,* 273 Ill. App. 222. The case of *Zister v. Pollack,* 262 Ill. App. 170, relied on by appellant, might seemingly appear to be in conflict, but in that case there was a defective statement of a good cause of action and not the assertion of a new cause of action in the amendment."

In *Smith v. Illinois Power Co.,* 279 Ill. App. 505, the plaintiff sued for personal injuries which she alleged she sustained February 21, 1930. Three additional counts were filed January 10, 1933. Defendant

pleaded the statute of limitations, to which plaintiff demurred. The demurrer was overruled and plaintiff elected to abide by her demurrer. After pointing out that plaintiff contended the additional counts fell within the meaning of sec. 39 of the old Practice Act, and that act had been repealed by the Civil Practice Act, which contained a saving clause, the court said (p. 513): "While the Appellate Courts of this State have given this section a liberal construction so far as its terms will permit, it has never been held that its effect is to repeal the two-year limitation for the bringing of actions for personal injuries as prescribed by the statute. *Keslick v. Williams Oil-O-Matic Heating Corp.*, 277 Ill. App. 263. While we can say with conviction that the purpose of section 39, as amended in 1929, was to remedy the evil that the statute of limitations should not bar an amendment to a declaration which contained a defective statement of a good cause of action in that it did not allege the performance of conditions precedent, and the amendment substantially states the same cause of action declared upon in the original declaration, then the amendment is not barred by the statute of limitations, the further intention and purpose, if any, of the section is not clear. In other words, amendments to declarations were permitted before the enactment of section 39 unless the amendment set up a new cause of action barred by the statute of limitations. If the amendment sets out a new cause of action, we cannot say that the amendment is substantially the same as the original declaration."

In *Friend v. Alton R. Co.*, 283 Ill. App. 366, suit was brought under the Injuries Act to the September Term, 1932, of the circuit court, based on the death of Jessie Mae Friend, who died May 23, 1932. The suit was brought in the name of the husband, William Friend, and minor children. A general demurrer to the declaration was sustained and on July 2, 1934,

an amended complaint was filed by W. L. Friend, as administrator of the estate of Jessie Mae Friend. Defendant pleaded that the action was not begun within one year of the date of death. Plaintiff moved to strike the plea. The motion was denied and judgment for defendant entered. Plaintiff appealed. The Appellate Court of the third district, citing *Bishop v. Chicago Rys. Co.*, 303 Ill. 273; *Welch v. City of Chicago*, 323 Ill. 498; and *Wilcox v. Bierd*, 330 Ill. 571, said a plaintiff must bring himself within the conditions of the act upon which the suit was based; that the limitation of one year in the Injuries Act was a condition of the liability itself; that to give to sec. 46 (2) of the Civil Practice Act the construction for which plaintiff contended would amount to the elimination of the condition; that the action must be brought in the name of the deceased and must be commenced within one year after the death. However, the Appellate Court cites no case, nor is the language of sec. 46 of the Civil Practice Act analyzed in any way.

Whatever may have been the proper construction of sec. 39 of the old Practice Act as amended, we think it is clear it was the intention of the legislature in the enactment of the Civil Practice Act, which (as we have seen) is applicable here, to make such a construction as that adopted in *Friend v. Alton R. Co.* and *Holden v. Schley*, impossible. Professor Sunderland, to whom was committed the task of drafting the Civil Practice Act (see Ill. State Bar Stats. 1935, p. 2431) writing in the Illinois Law Review, vol. 28, p. 870, in March, 1934, said: "Amendments of all kinds are permitted and I think the provisions of the new Practice Act go a little farther than the amendment of 1929. *Such a decision as Holden v. Schley ought to be impossible under the new Practice Act.* That was a case of wrongful death where it was held that an amendment made more than a year after the cause of action accrued, which added an allegation of due

care on the part of the next of kin, did not relate back so as to save the case. An amendment will always relate back, for the purpose of preserving the cause of action, when the matters set up by the amendment grew out of the same transaction or occurrence set up in the original pleading."

Dean Clark of the Yale Law School (see Clark Code Pleading, 1928, p. 513) says: "Now in all but a few jurisdictions the amendment is allowed if it refers to the same general aggregate of operative facts upon which the original complaint was based."

A writer in the Illinois Law Review, vol. 31, p. 396, discussing *Friend v. Alton R. Co.*, 283 Ill. App. 366, after pointing out how the Illinois Practice Act of 1872 was construed to permit amendments which changed the capacity in which the plaintiff sued, (to which he cites *Litchfield Coal Co. v. Taylor*, 81 Ill. 590; *Teutonia Life Ins. Co. v. Mueller*, 77 Ill. 22; *Chandler v. Frost*, 88 Ill. 559; *McCall v. Lee*, 120 Ill. 261, and *Houghland v. Avery Coal & Min. Co.*, 246 Ill. 609, 93 N. E. 40) and how by the amendment of 1929, the legislature attempted to abolish the technical distinction between stating a cause of action and stating a cause of action defectively, says: "The emasculation of the 1929 amendment, initiated in *Hanley v. Waters*, and furthered in *Holden v. Schley*, was completed in *Keslick v. Williams Heating Corporation*. There the court held that the cause of action in an amendment which changed the capacity in which the plaintiff sued was not 'substantially the same' as that in the original declaration. In 1934, the Civil Practice Act omitted the words *'substantially the same.'* Yet in derogation of plain legislative intent, and without regard to prior decisions of the Illinois Supreme Court permitting amendments changing the capacity in which plaintiff sued to relate back, the court in the instant case concluded that time is a condition of liability and not a statute of limitations, and

that therefore the plaintiff's original complaint failed to state a cause of action. Inasmuch as the new Act, by express language, includes 'any statute' either 'prescribing' or 'limiting' the time within which an action may be brought, the distinction seems unwarranted.''

Speaking of the *Keslick* case the writer says: ''This case was severely criticized in Note (1935) 24 Ill. Bar J. 96. The Keslick decision may possibly be justified on the ground that the 1929 amendment implied the necessity that a cause of action be set up in the original complaint. *But the present Act carries no such implication. It refers to the cause of action in the amended pleading, but such cause of action need only grow out of the same transaction or occurrence set up in the original pleading in order to relate back.* Nowhere in § 46 (2) is there to be found the inference that the provision on relation back cannot be operative unless the original complaint states a cause of action. Indeed it is difficult to see how a complaint failing to state a condition precedent necessary to the right of recovery could state a cause of action.''

The article referred to in the Illinois Bar Journal, p. 96, after reviewing all the Illinois authorities, concludes: ''In order to give any meaning to the amendment it must be realized that the intent therein expressed is to shift any emphasis that has been placed on the pleading of the cause of action to the cause of action itself, i. e. the factual set-up leading to liability. Pleadings do not create facts; they merely describe them. The test, then, whether an action is barred by a limitation is not to be the sufficiency or insufficiency of the first pleading, but the existence or non-existence of certain facts. This cannot be known definitely until the trial, but a plaintiff will not be precluded from asserting the existence of those facts in an amended pleading if a comparison of the amended with the original pleading, without resort to

nice legal distinctions, fairly shows that the pleader was attempting to disclose the same factual situation."

It is to be noted that former statutes permitting amendments to pleadings have been by the Supreme Court held applicable to death cases in *Swift Co. v. Gaylord*, 229 Ill. 330. Sec. 46 of the Civil Practice Act, ch. 110, Ill. Rev. Stat. 1937, § 170; Jones Ill. Stats. Ann. 104.046, covers the same subject matter as Sec. 39 of the former Practice Act, but is much broader in its terms and by direction of the legislature is to be liberally construed. The changes made when sec. 39 was rewritten into sec. 46 of the Civil Practice Act show clearly the legislative intention to liberalize that section. It is for us to carry out the legislative intent rather than by refined technicalities obstruct it. McCaskill's Civil Practice Act, 1936, pp. 120–128 inclusive. Hinton Illinois Civil Practice Act, pp. 64–73.

Giving consideration to the legislation concerning amendments to pleadings in this State from 1872 up to the adoption of the Civil Practice Act, we think sec. 46 of that act discloses a change which is fundamental in its character. For the subtle distinctions between "actions" and "causes of action," between identity of "actions" and identity of "causes of action," between "defective causes of action" and "defective statements of a good cause of action," as illustrated by *Fish v. Farwell*, 160 Ill. 236, and *Walters v. City of Ottawa*, 240 Ill. 259, 88 N. E. 651, this section of the Civil Practice Act substitutes the test of reality, namely, whether *the transaction or occurrence* set forth in the amended pleading is the same as that set up in the original pleading. The failure in the original pleading to state and describe a condition precedent under this theory becomes wholly immaterial. The difference between the two theories is well illustrated by a comparison of *Fish v. Farwell*, 160 Ill. 236, and *Enberg v. City of Chicago*, 271 Ill. 404,

111 N. E. 114. This fundamental distinction does not appear to have been called to the attention of the court in *Friend v. Alton R. Co.*, 283 Ill. App. 366. We hold that under sec. 46 of the Practice Act the amendment was permissible and related back to the filing of the original complaint, since both pleadings described the same transaction or occurrence.

Defendant contends that plaintiff's given instruction No. 15 was erroneous in that it omitted the necessary element of proximate cause. It is as follows: "The court instructs you, that if you believe from the preponderance of the evidence, under the instructions of the court, that the driver of the wagon of the defendant Bowman Dairy Company, a corporation, on the occasion in question, was guilty of negligence in the management and operation of said vehicle, as charged in the plaintiff's complaint, and if you further believe from the preponderance of the evidence that such negligence, if any, caused or proximately contributed to cause the injury and death complained of by the plaintiff in this case, and that the decedent was at and before the happening of said accident in the exercise of ordinary care for her own safety, then you should find the defendant Bowman Dairy Company, a corporation, guilty."

Defendant points out that in view of the conflict in the evidence it was important that the jury should be properly instructed and says that an instruction substantially in the form of No. 15 was condemned in the case of *Denton v. Midwest Dairy Products Corp.*, 284 Ill. App. 279. Defendant also calls our attention to the memorandum opinion in *Temple v. Alton, Granite & St. Louis Traction Co.*, 197 Ill. App. 227, and *Beach v. Patton*, 208 N. C. 134, 179 S. E. 446. As far as the *Temple* case is concerned, we find nothing in the memorandum which is inconsistent with the instruction complained of. The instruction criticized in the *Denton* case is clearly distinguishable in that the jury was

there told that the defendant might be found guilty if, with other necessary elements included, defendant was guilty of conduct which "contributed to the death of plaintiff's intestate." The court said that the instruction was not accurate in that it omitted the necessary element of proximate cause. Legal or proximate cause is a prerequisite to liability for tort (Restatement, sec. 9, p. 18) but this element is not absent from this instruction. Complaint is also made that the court refused to give instruction No. 3 requested by defendant. This instruction was as follows: "The court instructs the jury that if you find from the evidence that the horse and wagon of the Bowman Dairy Company remained in the eastbound rail on 47th street or did not turn so far as to be in the actual path of the truck of the defendant, Fred Kunz, as he was proceeding west on 47th street, you must find the defendant Bowman Dairy Company not guilty."

The instruction was subject to criticism in that it singled out for the consideration of the jury particular facts and told the jury that such facts would relieve the defendant from liability, ignoring the theory upon which plaintiff tried the case. It was not error to refuse the instruction.

It is further contended that the verdict for plaintiff is inconsistent with physical facts as shown by the evidence to have existed at the time of the accident. It is undisputed, argues defendant, that the truck of Kunz passed the milk wagon without colliding with either it or the horse, and is undisputed that the rear of the truck skidded to the southwest as the driver of the truck turned the wheels to the north. The truck was 20 feet long, and it is argued that it could not have failed to hit the horse or wagon if, as the testimony for plaintiff tends to show, the head of the horse was within 5 or 6 feet of the north curb of 47th street. Pointing out the width of 47th street from curb to curb, the distance between the north rail of the west-

bound track and the curb of 47th street, and the distance of the outside westbound rail to the south rail of the westbound track, defendant says there was less than 24 feet between the north rail of the eastbound track and the curb of 47th street, and that a truck 20 feet in length which was whirling around at the time, which passed the horse and wagon, must have occupied at least 20 feet of the highway, and that if it did not touch the horse then the horse must have been at least 20 feet south of the curb of 47th street, and it cannot, therefore, be said that the driver of the milk wagon was guilty of negligence.

Defendant concludes that since the evidence tended to show that the owner of the truck was a man of little means, and since the jury felt that someone ought to pay for the death of decedent, the jury arbitrarily imposed this obligation on the dairy company, which is able to pay.

Defendant does not contend that the verdict is against the weight of the evidence. The argument of defendant assumes the correctness of testimony of plaintiff as defendant understands it, to the effect that the head of defendant's horse at the time of the accident was within 5 or 6 feet of the north curb of 47th street. This evidence was, of course, only opinion evidence, at best, a mere approximation. There was other evidence bearing on this point and the question was distinctly for the jury. It is apparent the jury rejected the testimony of defendant's driver. If defendant is in fact guilty, the fact (if it be a fact) that the jury unjustifiably let out Kunz is no reason for reversing a just judgment against defendant. *Wolff Mfg. Co. v. Wilson,* 46 Ill. App. 381.

Finally, defendant contends that plaintiff failed to prove that the accident caused the death of plaintiff's intestate. This contention is based upon the theory that there was no direct medical evidence showing the connection between the accident and her death. The

record does not sustain this contention, which is made for the first time in this court. The evidence shows that the accident occurred after one o'clock p. m., Saturday, October 20, 1934. The trial took place more than two years thereafter. The evidence shows that after she was knocked down by the truck deceased was taken in a semiconscious condition to the German Deaconess Hospital, where she became unconscious. It is true that the attending physician said he first saw decedent on Sunday, but the whole evidence shows he was mistaken in this statement, and that he in fact saw her on Saturday. The doctor testified that when decedent came to the hospital she was unconscious, and she was taken there on Saturday. The testimony shows that prior to the accident decedent was in perfect health, and that the doctor found upon examination that she presented a clinical picture of acute trauma to the abdomen; she was given a blood transfusion, and as soon as her condition warranted an exploratory operation was performed. The abdomen was found to be full of blood, urine and pieces of liver floating in the abdomen; the intestine, the bladder and the liver were ruptured. The doctor says: "The cause of death was ruptured bladder, ruptured liver and a ruptured intestine. I have an opinion as to what caused the ruptures—trauma. That is being struck on the abdomen. Trauma means injury." The doctor also says: "I stayed with her until she died." The jury was, we think, justified in finding that the decedent died as a result of the injury she received from the accident.

The judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and McSURELY, J., concur.

SUPPLEMENTAL OPINION UPON REHEARING.

In its petition for rehearing the Bowman Dairy Company points out that the opinion of this court "over-

looked the fact that neither in the original complaint nor in the amended complaint is there any allegation as to the date of death of plaintiff's decedent, or an allegation that suit was commenced against defendant within one year of the death of decedent.''

The opinion does (without discussion, however), state the facts which show this contention to be without merit. It states that the complaint by the administrator of the deceased was filed on December 19, 1934; that Genevieve Stachura died as a result of injuries she received on October 20, 1934. The complaint does not specifically aver that the time intervening between October 20, 1934, and December 19, 1934, is less than one year (but any intelligent person would know that such was the fact) and it would seem that a complaint giving such knowledge to an ordinary person should not leave a court in ignorance. The petition for rehearing is denied.

*Petition denied.*