GEORGE M. HAMAMOTO, Plaintiff-Appellant, *v.* JUAN TORRES, Defendant-Appellee.

First District (1st Division)  No. 77-1773

Opinion filed September 25, 1978.

George Kita, of Chicago, for appellant.

James F. Carlson and Querrey, Harrow, Gulanick & Kennedy, Ltd., both of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

George M. Hamamoto (plaintiff) sued Juan Torres (defendant) to recover for property damage allegedly caused when defendant's automobile struck plaintiff's automobile. Subsequently the plaintiff filed an amended complaint which, in addition to the property damage count, alleged that he suffered personal injuries when his automobile was struck by defendant. Defendant moved to dismiss the personal injury allegations of plaintiff's complaint, arguing that they were barred by the two-year personal injury statute of limitations. From the circuit court's dismissal of the personal injury allegations the plaintiff appeals, arguing that the personal injury allegations are an amendment to the original complaint which relate back to the time of filing of the original complaint and are not barred by the statute of limitations.

Defendant's automobile collided with plaintiff's automobile on January 28, 1972. On March 15, 1972, defendant's insurer, State Farm Automobile Insurance Company, acknowledged receipt of plaintiff's attorney's letter on behalf of plaintiff which had alleged "personal injuries and property

damage" resulting from the accident on January 28, 1972. On December 28, 1973, plaintiff's attorney wrote defendant's insurer a letter concerning plaintiff's medical report. On January 7, 1974, plaintiff filed suit for property damage resulting from the January 28, 1972, accident. On May 3, 1974, plaintiff filed an amended complaint which added allegations for personal injuries suffered in the same accident. Defendant moved to strike and dismiss the personal injury allegations on the ground that having been filed more than two years after the occurrence the two-year statute of limitations barred plaintiff's personal injury claim and that the claim for personal injuries did not relate back to the filing of the original complaint which was filed within the two-year period. The trial court granted the defendant's motion.

The sole question is whether the personal injury allegations, having been filed more than two years after the occurrence, are barred by the two-year statute of limitations. Plaintiff argues that by virtue of sections 46(1) and (2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, pars. 46(1) and (2)) they are not barred, because they arose out of the same transaction or occurrence set up in the original complaint which was filed within the two-year period. Defendant argues that they were properly stricken because they constitute an entirely different claim, *i.e.*, a personal injury claim as distinguished from a property damage claim, and were thus barred by the two-year statute of limitations. We disagree.

Sections 46(1) and (2) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, pars. 46(1) and (2)) in pertinent part provide:

"(1) At any time before final judgment amendments may be allowed on just and reasonable terms, * * * changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought * * *.

(2) The cause of action * * * set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted * * * in the amended pleading grew out of the same transaction or occurrence set up in the original pleading * * * and for the purpose of preserving as aforesaid the cause of action * * * set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."

The courts, in interpreting section 46(2) (Ill. Rev. Stat. 1975, ch. 110, par. 46(2)), have focused their attention on whether the "same transaction or occurrence" was described in both pleadings. (See, *e.g., Metropolitan Trust Co. v. Bowman Dairy Co.* (1937), 292 Ill. App. 492, 507, 11 N.E.2d 847, *aff'd* (1938), 369 Ill. 222, 15 N.E.2d 838; *Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 289-90, 122 N.E.2d 540; *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 125, 302 N.E.2d 64.) In determining whether it is the same transaction or occurrence, the inquiry is concerned with the existence or non-existence of certain facts in the pleadings. (See *Metropolitan Trust Co. v. Bowman Dairy Co.* (1937), 292 Ill. App. 492, 505, 11 N.E.2d 847, *aff'd* (1938), 369 Ill. 222, 15 N.E.2d 838.) Here, all of the facts upon which defendant could be held liable to plaintiff for both property damage and personal injury are alleged in both complaints. The collision of the automobiles on January 28, 1972, is clearly the same transaction or occurrence. See *Pleasant v. Certified Grocers of Illinois, Inc.* (1976), 39 Ill. App. 3d 83, 350 N.E.2d 65, *appeal denied* (1976), 63 Ill. 2d 562.

Defendant contends that the claim for which plaintiff originally brought suit was a claim for property damage only and that plaintiff by his amendment is trying to slip in an entirely different claim (a personal injury claim) after the statute of limitations had run. This argument, however, ignores the purpose of the statute of limitations, which is to allow investigation of the facts upon which liability is claimed. (*Geneva Construction Co. v. Martin Transfer & Storage Co.* (1954), 4 Ill. 2d 273, 290, 122 N.E.2d 540.) In this case, the facts concerning the collision were brought to defendant's attention by the original complaint, concededly filed less than two years after the accident. Investigation pursuant to the original complaint would have disclosed the entire factual background of the occurrence. Indeed, the defendant's insurer, in a letter within two months of the accident, acknowledged that plaintiff may have suffered bodily injury. Defendant was not prejudiced by the later addition of the personal injury allegations.

Plaintiff's amended complaint grew out of the same transaction or occurrence as the original complaint. The trial court erred in striking and dismissing the personal injury allegations. The judgment of the circuit court of Cook County is reversed and the cause remanded with directions to overrule defendant's motion to strike and dismiss.

Reversed and remanded with directions.

GOLDBERG, P. J., and BUCKLEY, J., concur.