### Chicago Open Board of Trade, for use of Imperial Building Company.

### Appeal of Imperial Building Company, Appellant, v. Illinois Trust & Savings Bank, Appellee.

### Gen. No. 14,576.

1. GARNISHMENT—*control of proceeding.* In a garnishment suit the beneficial plaintiff controls the suit even as against the nominal plaintiff.

2. GARNISHMENT—*what essential to maintenance.* In the absence of an existing judgment as provided by Section 1 of the Garnishment Act, no original garnishment proceeding can be maintained.

3. GARNISHMENT—*when proceeding properly dismissed.* Upon motion of the nominal plaintiff in the absence of the garnishee, it is proper to dismiss a garnishment proceeding when the judgment upon which it was predicated has been set aside.

Garnishment. Appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed July 9, 1909.

162    APPELLATE COURTS OF ILLINOIS.

Chicago Open B. of T. v. Illinois T. & S. Bk., 150 Ill. App. 161.

**Statement by the Court.** The Imperial Building Company having, previously, on December 7, 1905, in the Circuit Court of Cook county, recovered a judgment against The Chicago Open Board of Trade, the Building Company, on December 8, 1905, caused to be filed in that court an affidavit for a garnishee summons against the Illinois Trust & Savings Bank, as garnishee. The proceeding was duly instituted under section 1 of the Garnishment Act, chapter 62, Revised Statutes, and thereafter duly prosecuted as The Chicago Open Board of Trade for the use of The Imperial Building Company against the Illinois Trust & Savings Bank. Interrogatories were filed and the bank filed its answer thereto.

Subsequently, on December 16, 1907, The Chicago Open Board of Trade came and, in open court, moved that the garnishee proceeding be dismissed. At that time the Imperial Building Company, by its attorney, was present but no one represented the garnishee. In support of the motion to dismiss the Open Board produced and offered a duly certified copy of an order entered in the suit between the building company and the Open Board, on December 9, 1907. From such certified copy it appears that the judgment of December 7, 1905, was, on December 9, 1907, duly "set aside, vacated and for nothing esteemed." It further appears that this order of vacation of that judgment was made and entered by the Circuit Court in compliance with a mandate from the Appellate Court of Illinois, for the first district. From the mandate it appears that the judgment of December 7, 1905, was entered by confession, that the Circuit Court had denied a motion by the Open Board to vacate the same and that the Open Board had appealed from the order denying such motion. The judgment of the Appellate Court, rendered on October 29, 1907, was that the order of the Circuit Court denying such motion "be reversed, annulled, set aside and wholly for nothing esteemed, and that this cause be remanded to the Circuit Court of Cook county,

Chicago Open B. of T. v. Illinois T. & S. Bk., 150 Ill. App. 161.

with directions to said Circuit Court to grant said motion."

When, on December 16, 1907, the Open Board moved for the dismissal of the garnishee proceeding, The Imperial Building Company, by its attorney, objected, stating, in substance, that the building company was the beneficial plaintiff and, being such, controlled the actions of the Open Board, as to the proceedings in the suit, so that without the consent of the Building Company the Open Board could not dismiss the suit, and the building company objected to a dismissal. But the court disregarded this objection of the building company and dismissed the garnishee proceeding, and from the order of dismissal this appeal is prosecuted.

Taylor & Martin, for appellant, Imperial Building Company.

Newman, Northrup, Levinson & Becker, Ben & Brady and Chester E. Cleveland, for Chicago Open Board of Trade.

Mr. Presiding Justice Chytraus delivered the opinion of the court.

Undoubtedly, in a garnishment suit, the beneficial plaintiff controls the suit even against the nominal plaintiff. Weckler Brick Company v. McLean, 124 Ill. App. 309. The courts of law look through the nominal party to the rights of the real or beneficial party. These courts, also, upon a proper motion made at any time during the pendency of a garnishee proceeding, such as this, look through the nominal party to ascertain whether the apparently real or beneficial party is actually such a party. A garnishee proceeding is a statutory proceeding, purely. The sole source and foundation of the court's power to act, in such case, is the statute. The right of the beneficial plaintiff to prosecute a garnishment is predicated, wholly, upon the existence of the conditions required in section 1 of the Garnishment Act. There being no judgment,

164     APPELLATE COURTS OF ILLINOIS.

no court can examine or proceed against a garnishee. The right of one person to use the name of another, in a prosecution of a suit or proceeding against a third person indebted to or having effects or estate of that other, depends entirely upon such person having a judgment against the other. In the case at bar the Circuit Court properly set aside the judgment of December 7, 1905, in compliance with the mandate of this court. When the judgment was set aside the foundation for prosecuting the garnishment failed and the learned trial judge correctly dismissed the suit on motion of the nominal plaintiff, when the record, uncontroverted, was presented showing the setting aside of the judgment. That leave was given, when the judgment was set aside, to plead, is a matter of no consequence in this garnishment proceeding. The absence of the garnishee, when the suit was dismissed, made no difference, as the garnishee could not be prejudiced by such an order.

This disposition of this cause renders it unnecessary to consider the motion to dismiss this appeal.

The judgment of the Circuit Court is affirmed.

*Affirmed.*

Mr. Justice Mack took no part in the consideration of this case.