F. A. GUTELIUS, as Receiver of Farmers Bank & Trust Company, a corporation, *Plaintiff in Error*, v. ARTHUR L. NOBLE and L. E. MCWILLIAMS, *Defendants in Error*.

Division A.

Opinion filed February 6, 1930.

Petition for rehearing denied March 24, 1930.

*Wideman & Wideman,* for Plaintiff in Error;

*Abbott & Gaulden,* for Defendant in Error.

PER CURIAM.—F. A. Gutelius, as Receiver of Farmers Bank & Trust Company, recovered a judgment in the circuit court for Palm Beach County against Arthur L. Noble and L. E. McWilliams in the sum of thirty-nine thousand ninety-two dollars and thirty cents. Two days later a motion for a new trial was filed and three weeks afterward plaintiff moved to strike it. On the 11th day of July, 1929, five months and fifteen days after the filing of the motion for a new trial the court granted the motion and denied the plaintiff's motion to strike it. In the order granting the new trial the court included a paragraph expressly vacating and setting aside the verdict and the judgment which was entered thereon.

The plaintiffs took a writ of error to that order on July 22, 1929.

It appears from a petition filed in this Court by the defendants in error that the plaintiff in the court below on April 3, 1929, applied for and obtained a writ of gar-

nishment naming the Central Farmers Trust Company of West Palm Beach as garnishee. The garnishment was obtained under the provisions of the statute providing for garnishment after judgment which dispenses with the giving of a bond. The Trust Company answered that it held certain properties in its possession belonging to Noble to secure a debt which he owed to the Trust Company.

After the motion for a new trial was granted Noble moved the court to set aside the writ of garnishment. It was alleged that no bond had been given to procure the writ of garnishment and that the judgment had been set aside. The court denied the motion. The petition prays that this Court will make an order setting aside the writ of garnishment or require the plaintiff in garnishment to file a bond as the statute requires in an amount double that of the debt or sum demanded.

The petition is based upon the theory that as the plaintiff took a writ of error to the order granting a new trial and executed a supersedeas bond in the sum required by the trial court that this Court has jurisdiction of all the proceedings including those of the garnishment.

If that position is sound it militates against the motion to vacate the writ of garnishment because the writ of error to the order granting a new trial operating to hold all proceedings in *statu quo* the garnishment would be continued in force. On the other hand the amount of the supersedeas bond being determined by the trial court within its discretion and no abuse of that discretion being made to appear, that phase of the case would not be disturbed.

Ordinarily the setting aside of the judgment automatically vacates the writ of garnishment. See Imperial Building Co. v. Illinois Trust & Savings Bank, 150 Ill. App. 161.

But in this State a writ of error may be taken to an

order granting a new trial and a supersedeas on such an appeal holds all proceedings in *statu quo*.

The motion is denied.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.