Evelyn Moran et al., Plaintiffs, v. Christ Katsinas, as Trustee Under Last Will and Testament of John Katsinas, Deceased, Defendant.
Eunice Moran, as Administrator of Estate of Harold Moran, Deceased, Plaintiff-Appellee, v. Christ Katsinas, as Trustee Under Last Will and Testament of John Katsinas, Deceased, et al., Defendants-Appellants.

Gen. No. 10,152.

Third District.
May 21, 1958.
Released for publication June 7, 1958.

424

Ray F. Dobbins, of Champaign, by Creed D. Tucker, for defendants-appellants.

Costigan, Wollrab & Yoder, of Bloomington, by William F. Costigan, Reno & O'Byrne, of Champaign, by J. Michael O'Byrne, for plaintiff-appellee.

PRESIDING JUSTICE CARROLL delivered the opinion of the court.

On February 2, 1956, Evelyn Moran, widow of Harold Moran, deceased, and his two minor children filed a complaint under the Dramshop Act alleging injury to their means of support resulting from the intoxication of the deceased caused by liquor sold or given to him by defendant Christ Katsinas, as trustee under the Last Will and Testament of John Katsinas, deceased, the owner and operator of Katsinas's Tavern in Champaign, Illinois. In separate counts each of the three plaintiffs prayed judgment for $15,000. An amendment to the complaint adding the beneficiaries of the trust estate created by the Will of John Katsinas, deceased, was filed September 12, 1956. Answers to both the

original and amended complaint were filed. On February 27, 1957, defendants asked leave to withdraw the answer and file a motion to dismiss the complaint on the ground the action was brought by an improper party. The court reserved its ruling on this motion and the cause was allotted for trial on April 1, 1957. On March 27, 1957, plaintiffs were given leave to add Eunice Moran as administrator of the Estate of Harold Moran, deceased as a party plaintiff and to file an additional or 4th count in which the administrator alleges the same facts as set forth in the original complaint and asks damages in the amount of $45,000 for loss of support sustained by the widow and two minor children of decedent. On the same date, the defendants' motion to withdraw their answer to the original complaint was denied and they were ruled to plead to the additional count by April 1, 1957. Defendants' motions to vacate the allotment for trial, to strike and dismiss count No. 4 and to reduce the ad damnum to an aggregate amount of $15,000 were all overruled. Defendants' motion to strike counts 1, 2 and 3 was allowed and the cause proceeded to trial before a jury upon count 4 and the answer thereto. The jury returned a verdict in favor of plaintiffs and against all defendants and assessed damages as follows:

> For benefit of Evelyn Moran........ $7,500
> For benefit of Cheryl Moran........ 9,100
> For benefit of Diana Moran.......... 10,500

Defendants' post trial motions were overruled and judgment entered on the verdict. From that judgment defendants appeal to this court.

In support of their contention that the judgment should be reversed, defendants raise and argue the following points: (1) the action by the administrator was not commenced within one year as required by the Dramshop Act; (2) the damages awarded plain-

tiff are in excess of the aggregate recovery limit of $15,000 as provided by the Dramshop Act as amended, effective July 1, 1956 (Sec. 135, Chap. 43, Ill. Rev. Stats. 1955); (3) the trial court abused its discretion in ruling defendants to plead to count 4 of the complaint on April 1, 1957, the date set for trial of the cause, which was four days after the filing of said count; (4) defendants were prejudiced by the trial court's action in granting a motion for summary judgment in another case involving a witness while said witness was being cross-examined by defendant's counsel, and (5) the defendant Christ Katsinas, trustee under the Last Will and Testament of John Katsinas, deceased, is not liable in his representative capacity for injury to loss of means of support.

The first point urged by defendants involves the question whether the adding of the administrator as a party plaintiff and the filing of count 4 is permitted by the provisions of Sec. 46 of the Civil Practice Act which are in part as follows:

"(1) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant . . . which may enable the plaintiff to sustain the claim for which it was intended to be brought . . ."

"(2) The cause of action, cross demand or defense set up in any amended pleading shall not be barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted, or the defense or cross demand interposed in the amended pleading grew out of the same transaction or occurrence set up in the original plead-

427

ing, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery or defense asserted, IF THE CONDITION PRECEDENT HAS IN FACT BEEN PERFORMED, and for the purpose of preserving as aforesaid the cause of action, cross demand or defense set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended." (Sec. 46, Chap. 110, Ill. Rev. Stats. 1955).

The occurrence out of which this action arose took place on September 24, 1955. It is conceded that the complaint as originally filed, stated a cause of action under the provisions of the Dramshop Act then in effect. The 1955 amendment to the act effective July 1, 1956, provides that an action for injury to means of support shall be brought by the personal representative of the deceased person furnishing support. It also provides that such action must be brought within one year next after the cause of action accrued.

Substantially, defendants argue that as of July 1, 1956, the effective date of the amendment, the plaintiffs had no valid action on file inasmuch as the amendment provided that on and after said date such an action could be instituted only by the personal representative of Harold Moran, deceased; that during the period from July 1, 1956 to September 24, 1956, a valid action could have been filed by the administrator; that since this was not done, there was no complaint which could be the subject of amendment on March 27, 1957; and that the additional count filed by the administrator amounted to a new action which was filed after the expiration of the one year limitation fixed by the amendment. The basis of such argu-

428

ment is that a condition precedent to the right to bring an action for loss of support under the amendment is that the action be brought by the personal representative of the decedent from whom support was furnished within one year next after the cause of action accrues; and that since the administrator did not file an action within one year, such condition precedent was not met and Sec. 46 of the Practice Act does not permit filing of the amendment in question.

In this case the amendment to the complaint which is described as count 4, contains the identical fact allegations which were set forth in the original complaint. Consequently, so far as amending the complaint is concerned, the effect of the amendment was only to introduce or add the personal representative of Harold Moran, deceased, as party plaintiff. The amendment was made necessary by the 1955 Dramshop amendment requiring actions for loss of support to be brought by the personal representative of a deceased person from whom the support is furnished. The claim for loss of support resulting from the intoxication of the decedent could not be sustained except by permitting the administrator to prosecute the same. We think there can be no question but that the substitution of a party plaintiff as was done in this case is permitted by Paragraph 1 of Sec. 46 of the Practice Act. Authority to allow such an amendment was provided for in the statute pertaining to practice long prior to the adoption of the Civil Practice Act. It was a part of the Practice Act as far back as 1872. Teutonia Life Ins. Co. v. Mueller, 77 Ill. 22.

The defendants insist however, that the amendment is vulnerable when subjected to the tests required by Paragraph 2 of Sec. 46. They point out that the amendment in question does not meet the requirements of Paragraph 2 because the conditions precedent to

the right of recovery in a loss of support case under the 1955 Dramshop Act amendment, have not in fact been performed in that the action by the personal representative was not brought within the one year limitation. Our reviewing courts have on numerous occasions considered the effect of Paragraph 2 of Sec. 46 of the Civil Practice Act. The opinions in these cases do not appear to lend support to defendants' contention. In Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill. 222, referred to as the landmark among cases dealing with the construction of Sec. 46, we find the extent to which amendments are permissible under said section succinctly stated as follows:

"The requirement for substantial identity was omitted from paragraph 2 of section 46. The sole requirement of that paragraph is that the cause of action set up in the amendment grew out of the same transaction or occurrence set up in the original pleading. Briefly summarized, section 46 permits any amendment of a pleading, filed in apt time, after the time limited for commencing suit to set up a cause of action on any claim which was intended to be brought by the original pleading, provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. The term 'same transaction or occurrence,' so used in the statute, means the same suit. These changes, together with the judicial construction of the prior statutes, evince the legislative intent to remedy the evils incident to the former legislation and to preserve causes of action against loss by reason of technical rules of pleading. This is manifest from the concluding language of paragraph 2 which specifically declares the purpose of preserving the cause of action. The reasons for our decisions

under the prior statutes are eliminated from section 46, and are not applicable to its provisions."

Cases in which Section 46 has been similarly construed are Geneva Construction Co. v. Martin Transfer Co., 4 Ill.2d 273; Gustafson v. Consumers Sales Agency, 414 Ill. 235; Parrino v. Landon, 8 Ill.2d 468.

Defendants rely principally upon Friend v. Alton R. R., 283 Ill. App. 366. However, in that case the original complaint did not state a cause of action as it was not filed by the proper plaintiff within the time limit specified in the Injuries Act. This case cannot be regarded as in point since the original complaint in the instant case admittedly stated a cause of action.

In view of the decisions in the Bowman Dairy Co. case, and others to which we have referred, we think the law with reference to the proper interpretation and application of Section 46 is now well settled.

■ In the instant case the suit to set up a cause of action on the claim sought to be enforced was filed in apt time under the then existing Dramshop Act. The amendment to the complaint filed after the one year limit fixed by the amendment of 1955, grew out of the same suit as that represented by the original complaint. Thus the amendment qualifies under all the requirements of Section 46 and the trial court did not err in permitting the same to be filed.

■ Defendants' second point is that the amount of damages awarded plaintiffs exceeds the recovery limitation of $15,000 as provided by the 1955 Dramshop Act amendment in loss of support cases where the injury occurred prior to July 1, 1956. This identical contention was urged upon this court in Steller v. Miles, General Number 10155 in which our opinion has been filed as of this date. In that case the injury occurred prior to July 1, 1956 and we there held that the 1955 amendment limited the plaintiffs' recovery to

431

$15,000 in the aggregate. Our views with respect to defendants' contention in the instant case are controlled by what was said in the Steller case. Accordingly we conclude that the judgment herein is in excess of the limitation imposed by the 1955 amendment to the Dramshop Act and is subject to reduction to the amount specified by said amendment.

 Defendants' third point amounts to the contention that their rights were prejudiced by the action of the trial court in ruling them to answer the amended complaint on the day set for trial in that they were not afforded an adequate opportunity to prepare their defense. Supreme Court Rule 14 provides that no amendment is cause for a continuance unless the party affected shall make affidavit that in consequence of the amendment he is unprepared to proceed to trial. The defendants filed no such affidavit nor does the record disclose any motion by the defendants for a continuance. Since the additional count raised no new issues, and in view of the further fact that the cause had been at issue since September 17, 1956, we are unable to perceive wherein the defendants were prejudiced by the trial court's ruling.

 The fourth point argued relates to an incident occurring on the trial during the examination of James Donald Moran, brother of decedent and a witness for plaintiffs. An action by this witness against defendants for injuries to property growing out of the occurrence in which decedent was killed was then pending in the Circuit Court of Champaign county. Previous to the trial, the court had indicated its intention to grant a motion by defendants for summary judgment in the witness' case, but a draft order to that effect was not then presented. On direct examination the witness was asked if he was not a party in a proceeding against the defendants. An objection to the question was sustained. Outside the presence of the jury, the

432

court entered an order allowing defendants' motion in the witness' case. Defendants complain that this action was prejudicial to their cause in that as a result thereof they were prevented from showing the interest of the witness. Upon this record we cannot agree with the contention of defendants. They knew before the trial that their motion for summary judgment would be granted by the court and must have reasonably anticipated that the interest of the particular witness could not be shown by reference to a case which for all intents and purposes had been disposed of by the court's expressed intention to allow defendants' motion for summary judgment.

██ ██ The fifth and final point urged by defendants is that the defendant Christ Katsinas as trustee under the Last Will and Testament of John Katsinas, deceased, is not liable in his representative capacity. The Dramshop Act provides in part as follows:

"Every person injured . . . shall have a right of action . . . against any person or persons who shall be selling or giving alcoholic liquor who have caused the intoxication in whole or in part of such person . . . ."

It was stipulated on the trial that the liquor license of the tavern involved in this case was on the date of the occurrence in question in the name of Christ Katsinas, as trustee under the Last Will and Testament of John Katsinas, deceased. It further appears from the record that said defendant was operating said tavern on the date of said occurrence and had been such operator since 1951. The record also discloses that under the Last Will and Testament of John Katsinas, deceased, said defendant was authorized to continue the operation of the tavern which was owned and operated by the testator prior to his death in 1951. In this situation we think it clear that under the

433

Dramshop Act plaintiffs have a right of action against Christ Katsinas in his representative capacity because he is the "person" who by selling liquor to decedent caused the intoxication of the latter. As such a person he was a proper party defendant. We think this was conceded when defendants answered the original complaint which was brought only against Christ Katsinas, as trustee under the Last Will and Testament of John Katsinas, deceased. Although other persons were later joined as parties defendant, defendants made no motion to dismiss the cause as to the trustee. We are not, however, unmindful of the rule relied upon by defendants that a trustee is not liable for torts in his representative capacity. However, we think that the authorities cited by defendants in support of their theory are not applicable to the facts in this case. We see no basis upon which the Dramshop Act may be construed as exempting from liability a trust estate engaged in the business of selling intoxicating liquor. The liability imposed by the act is incidental to the operation of a Dramshop under Illinois law. If a person engaged in such an operation is permitted to escape liability on the grounds urged by defendants, then the purpose of the act has been defeated.

For the reasons indicated, the judgment of the Circuit Court of Champaign county is reversed and the cause remanded with directions to enter a judgment for $15,000 unless plaintiffs shall within 30 days enter a remittitur in the amount of $12,100, and to apportion such judgment among plaintiffs in the proportions as determined by the jury in the verdict.

Reversed and remanded with directions.

REYNOLDS and ROETH, JJ., concur.