Lucille Simmons, et al., Minors, by Lucille Simmons, Their Mother and Next Friend, and Leroy Simmons, Plaintiffs-Appellants, v. James J. Hendricks, d/b/a Jim's Tavern, James J. Hendricks, et al., Sued Herein as Ted Doganis, d/b/a Friendly Corner Tavern, Friendly Corner, Inc., an Illinois Corporation, Defendants-Appellees.

Gen. No. 49,171.

First District, First Division.

March 30, 1964.

Samuel Nineberg, of Chicago, for appellants.

Meyers & Matthias, and James J. Gaughan, of Chicago (James M. Redding and John L. Spalding, of counsel), for appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

On August 12, 1960, Lucille Simmons, the wife of Leroy Simmons, and their four minor children filed a dramshop action seeking recovery for loss of support alleging that Leroy Simmons was incarcerated for killing a man as a result of becoming intoxicated in the two taverns of the defendants. Plaintiff's second amended complaint filed on November 27, 1962, and the third amended complaint filed on February 4,

1963, repeated the allegations made by the original plaintiffs in Count I and Count II of the first amended complaint, but substituted Leroy Simmons as plaintiff for the use and benefit of his dependents. The trial court sustained the motion of defendants to strike the third amended complaint and the cause was dismissed at plaintiff's costs reciting that plaintiffs shall go hence without day and plaintiff appeals.

We briefly summarize the facts alleged in the third amended complaint. On October 3, 1959, Leroy Simmons became intoxicated from drinks sold or given to him in taverns which were located at 306 South Kostner Avenue and 400 South Kostner Avenue in the City of Chicago. As a result thereof he provoked an altercation with one Claude Green and shot him to death. Simmons was indicted for murder, convicted and is presently serving a long prison term.

The defendants' theory is that Count I of the third amended complaint was properly dismissed because only the person from whom the support was furnished could maintain an action for loss of support under the Dram Shop Act, and in Count II the action was not brought by Leroy Simmons within one year after the injury and therefore the action was barred.

Section 14 of the Dram Shop Act (Ill Rev Stats, 1961, c 43, § 135) provides in part:

> An action shall lie for injuries to means of support, caused by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, resulting as aforesaid. Such action shall be brought by and in the name of the person injured or the personal representative of the deceased person, as the case may be, from whom said support was furnished, and the amount recovered in every such action shall be for the exclusive benefit of the person or persons injured in loss of support, and shall be distributed to such

persons . . . provided that every action hereunder shall be barred unless commenced within one year next after the cause of action accrued.

The facts are clear that the dependents and not the injured person initiated this suit and that the substitution of Leroy Simmons as plaintiff in lieu of the dependents was made more than one year after the cause of action accrued.

The case principally relied on by defendants is Shults v. Kontos, 30 Ill App2d 316, 174 NE2d 696 (abst.) which is factually similar to the case at bar. There a father, while intoxicated, murdered his wife. A dramshop action was filed by his minor children by their next friend. More than one year after the cause of action accrued an amended complaint was filed by the father who was the injured party. On motion the action was dismissed. The Appellate Court affirmed the judgment of the trial court holding that the amendments to the complaint substituting a proper party plaintiff for one who had no right of action did not relate back to the original complaint so as to toll the time limitation for filing the action within one year following the date of the occurrence.

In Elkins v. Kopp, 23 Ill App2d 509, 163 NE2d 212 (abst.) an action was brought under the identical section of the Dram Shop Act as the case at bar, the plaintiff, wife of the "person injured" filed a suit in her own name within the one year period provided for in the statute. The Court said:

> While the original suit was still pending, but more than one year after the cause of action accrued, plaintiff moved to amend the complaint by substituting the name of Robert Lee Elkins, her husband, the injured party, as the proper party plaintiff, in lieu of herself. This the court denied and dismissed the suit on motion of defendant, on

197

the ground that Roberta M. Elkins had no right of action under the Dram Shop Act, and her husband, the person sought to be substituted as plaintiff, did not, at the time of the dismissal, have a right of action. . . . because the time for commencing the action for loss of support, by the person injured, from whom said support was furnished, had expired.

In that case, which appears to be almost identical in its facts to the present case, we held that the trial court was in error in denying plaintiff's motion to amend and in dismissing the action. This Court there decided that the substitution of her husband as party plaintiff after the one year of limitation had run was found proper under § 46 of the Civil Practice Act inasmuch as the cause of action asserted in the original complaint, and as sought to be amended, "grew out of the same transaction or occurrence set up in the original pleading." Geneva Const. Co. v. Martin Transfer & Storage Co., 4 Ill2d 273, 122 NE2d 540.

In Moran v. Katsinas, 17 Ill App2d 423, 150 NE2d 637, the complaint for loss of support in a dram shop case was filed by the widow and two minors in their individual names. More than one year after the action accrued the widow filed an amendment in which she sued as administratrix of her deceased husband's estate. The Appellate Court held that the amendment to the complaint contained the identical fact allegations which were set forth in the original complaint and the amendment was only to introduce or add the personal representative of deceased as party plaintiff. The Court went on to say:

The amendment was made necessary by the 1955 Dram Shop amendment requiring actions for loss of support to be brought by the personal representative of a deceased person from whom the support is furnished. The claim for loss of sup-

198

port resulting from the intoxication of the decedent could not be sustained except by permitting the administrator to prosecute the same. We think there can be no question but that the substitution of a party plaintiff as was done in this case is permitted by Paragraph 1 of sec 46 of the Practice Act. Authority to allow such an amendment was provided for in the statute pertaining to practice long prior to the adoption of the Civil Practice Act. It was a part of the Practice Act as far back as 1872. Teutonia Life Ins. Co. v. Mueller, 77 Ill 22 (at p 29).

The purpose of the Dram Shop Act is to aid the real parties suffering loss of support. The amendment to the Act was only to provide a method whereby there would be a single, uniform procedure in the name of the provider *for the exclusive benefit of the person or persons injured by loss of support.* The most important reason for the amendment to the Act was to effectuate a limit of liability. In effect the intoxicated person is only a nominal plaintiff, and not the party who would directly benefit by the Dram Shop Act. It is conceivable, as argued by counsel for the plaintiff, that the dependents in some cases will not be able to secure the consent of the incarcerated provider to file a dram shop action in his name. We repeat what we said in Elkins that "we believe that the substitution of the name of the party having the legal right to sue for the claim for which the action was brought, instead of another party improperly named as plaintiff, is in no sense the commencement of a new action."

Both parties have found relief for their contentions in Appellate Court decisions. We have not attempted nor do we even refer to many decisions cited by counsel in the briefs. We have referred only to those we thought most in point on the facts presented. As to whether § 46 applies in the case at bar, we adopt the language as stated in Geneva Const. Co. v. Martin

Transfer & Storage Co., 4 Ill2d 273, 288, 122 NE2d 540, "it is clear that the causes of action asserted in the original and in the amended complaints 'grew out of the same transaction or occurrence set up in the original pleading' . . . [i]t cannot therefore be said that the defendant was prejudiced by the amendment" and on p 289 "[s]tatutes of limitation, like other statutes, must be construed in the light of their objectives. The basic policy of such statutes is to afford a defendant a fair opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible. That purpose has been fully served here."

The defendants cite numerous cases construing limitations under the Injuries Act, Illinois Revised Statutes, ch 70, sec 2. Although there are similarities between the two acts we do not feel that these similarities relate sufficiently to the issue at bar so that cases under these two acts can be cited interchangeably. In the cited cases of Lowrey v. Malkowski, 20 Ill2d 280, 170 NE2d 147, Orlicki v. McCarthy, 4 Ill2d 342, 122 NE2d 513 and Fourt v. De Lazzer, 348 Ill App 191, 108 NE2d 599, it was held that dram shop actions were barred when the original action was filed after the time limitation provided in the Act.

We have concluded that under the circumstances in this case, the claim asserted by Leroy Simmons in Count II of the third amended complaint is not barred by limitations. We therefore hold that the order entered striking Count II of the 3rd amended complaint and the dismissal of the complaint was improper. Therefore, such order is reversed and the cause remanded for further proceedings in accordance with the views expressed herein.

Reversed and remanded.

MURPHY, P. J. and KLUCZYNSKI, J., concur.