McCoy Ford, a Minor, by His Attorney and Next Friend, Eugene R. Pigatti, for the Use and Benefit of Ben Ford and Lily Ford, and Ben Ford and Lily Ford, Individually, Plaintiffs-Appellants, v. The Round-Up, Division of Midwest Distributing Co., an Illinois Corporation, Defendant-Appellee.

Gen. No. 64–88.

Second District.

July 23, 1965.

Cannariato, Nicolosi & Pigatti, of Rockford (Eugene R. Pigatti, of counsel), for appellants.

Raphael E. Yalden, of Rockford, for appellee.

ABRAHAMSON, P. J.
This is an appeal from the Circuit Court of the 17th Judicial Circuit, Winnebago County, wherein the court dismissed plaintiffs' amended complaint. On June 24, 1963, within one year after the occurrence in question, the action was started to recover property damage and loss of support sustained by Ben and Lily Ford, parents of McCoy Ford, who allegedly was injured in an automobile accident as a result of his intoxica-

tion from liquor sold to him by the defendant. The original complaint was filed by "Ben Ford and Lily Ford by and in the name of McCoy Ford, a minor, by his attorney and next friend, Eugene R. Pigatti." The defendant's motion to strike the complaint was granted on the grounds of improper parties plaintiff. More than one year after the date of the alleged occurrence an amended complaint was filed by "McCoy Ford, a Minor, by his attorney and next friend, Eugene R. Pigatti, for the use and benefit of Ben Ford and Lily Ford, and Ben Ford and Lily Ford, individually." The loss of support and property damage claims were separated into two counts. The court granted a motion to dismiss the amended complaint on the basis that it was filed more than one year after the alleged occurrence and that the amendment did not relate back to the original complaint. The issue arises under section 14 of Article VI of the Liquor Control Act (Ill Rev Stats 1961, c 43, par 135) (popularly known as the "Dram Shop Act"), which provides that actions under it "shall be barred unless commenced within one year next after the cause of action accrued." This Act also provides that an action for loss of support shall be brought in the name of the person who furnished the support, but that any such action shall be "for the exclusive benefit" of those who received the support.

The precise question had previously been decided by this court (2nd Dist.) in Shults v. Kontos, 30 Ill App 2d, 316, 174 NE2d 696 (abst.) (1961), wherein it was held that an amendment filed after the expiration of one year from the date of the occurrence did not relate back to the original complaint which had not properly named the plaintiffs. The Appellate Court for the First District in the case of Simmons v. Hendricks, 47 Ill App2d 195, 197 NE2d 766 (1964), with the

same issue presented, held that the amended complaint to name the proper plaintiffs did relate back to the time of filing the original and was not barred by the one-year limitation. Because of the conflict in the above cases the Supreme Court granted leave to appeal in the Simmons case and concluded that the Appellate Court, First District, had correctly held that the amended complaint related back to the original complaint and affirmed the judgment. Simmons v. Hendricks, 32 Ill2d 489, 207 NE2d 440 (1965).

For this reason, the order of the trial court dismissing the amended complaint is reversed and the case is remanded for further proceedings.

Reversed and remanded.

MORAN and DAVIS, JJ., concur.