*In re* ESTATE OF NANCY J. RICHARDSON, Deceased, *et al.,* Appellees, *v.* RONALD LEE RICHARDSON, Appellant.

(No. 11862;

Fourth District—September 14, 1972.

Ronald L. Richardson, *pro se.*

Wilson, Dyar, Houchen & McDonald, (Vernon H. Houchen, of counsel,) for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Appellant, Ronald Lee Richardson, prosecutes this appeal *pro se.* The appellant and Nancy J. Richardson were husband and wife. They had three children, all minors, Donna Louise Richardson, Gladys Janice Richardson, and Ronnie Paul Richardson. The appellant shot and killed his wife who died November 25, 1968. He was charged with murder, entered a plea of guilty to the crime of voluntary manslaughter, and was sentenced 14 to 20 years in the penitentiary where he is presently incarcerated.

On July 17, 1969, the First National Bank of Decatur was appointed guardian of the estates of the three minors.

On October 21, 1970, E. Eugene Rhodes and Paul M. Richardson, the paternal and maternal grandfathers, were appointed guardians of the persons of the minor children.

On December 16, 1971, the Millikin National Bank of Decatur was appointed administrator of the estate of Nancy J. Richardson.

No report of proceedings was included in the record before us but it appears that sometime during the month of November, 1969, a dramshop suit had been instituted in the Circuit Court of Macon County seeking damages on behalf of the minor children for the loss of support occasioned by the death of their mother, Nancy J. Richardson. The appellant was the nominal plaintiff for and on behalf of the minors.

On December 14, 1971, the Millikin National Bank of Decatur, administrator of the estate of Nancy J. Richardson, deceased, and the First National Bank of Decatur, guardian of the estate of Donna Louise Richardson, Gladys Janice Richardson, and Ronnie Paul Richardson, filed a petition to settle the dramshop case. The petition recited that Nancy J. Richardson was shot and killed by the appellant on November 25, 1968; that the appellant claimed that he was intoxicated at the time of said killing as a result of alcoholic beverages sold to him by Charles F. Mueller, d/b/a Chances R Cocktail Lounge; that the liability of the dramshop defendant "* * * is doubtful and disputed". That the sum of $2,000.00 had been offered as a compromise settlement in full satisfaction of the minors' claims; that the claim of the administrator was exclusively for the use of the minor children and that the entire proceeds of the settlement should be paid to their guardian. The guardians of the persons of the minors joined and concurred in the petition to settle the cause of action, attached to the petition was the certificate of the attorney who filed the dramshop action stating that he had examined the

facts and the applicable law and that in his opinion the proposed settlement was just and proper.

A guardian *ad litem* was appointed for the minors and hearing was had on the petition for leave to settle the cause of action. As above noted, the report of proceedings of that hearing are not included in the record before us.

On Dcember 23, 1971, the Court entered an order approving the proposed settlement. The order recites that the guardian *ad litem* reported to the court that he had examined the facts and applicable law and recommended the acceptance of the compromise settlement. The order further recites that the Court heard evidence and was fully advised in the premises and thereupon authorized and approved the proposed settlement.

Thereupon the appellant filed *pro se* a rather lengthy document entitled "Petition for Relief of Judgment". The first paragraph consists of a lengthy statement of appellant's version of the killing of his wife and urges that the amount of $2,000.00 is an insufficient settlement; prayed that the Court set aside the settlement and enter a judgment directing the dramshop defendants to pay to the estates of the minors the sum of $650.00 per year for each minor so long as the appellant is incarcerated, and that the dramshop defendants be ordered to pay all attorney fees. The Millikin National Bank of Decatur, administrator and the First National Bank of Decatur, guardian of the minors filed a motion to strike this petition on the grounds that the petitioner had no standing to petition for the relief requested. The Court allowed the motion and struck the petition and in the order striking the petition the Court recited "The Court has received the February 27, 1972, letter of Ronald Lee Richardson acknowledging receipt of the notice of this hearing and that the contents of his motion to dismiss [sic Petition for Relief of Judgment] in the related cause be taken as his argument at this hearing, or for a Writ of *Habeas Corpus Ad Testificandum*." The Court then went on to find that the appellant had no standing to petition for the relief requested, dismissed the Petition for Relief of Judgment and denied the request for Writ of *habeas corpus ad testificandum*.

It is from this order that appellant appeals. His claim in that he had a constitutional right to be present at the hearing on his Petition for Relief of Judgment and as the Father of the children, had a right to be heard on the petition in person, saying that he had a right to be present and to "* * * furnish documents, testimony, etc., in support of said petition, * * *". The appellees take the position that the appellant was simply a nominal plaintiff in the dramshop suit and had no real interest therein.

■■ The persons injured in loss of support are the real parties in the suit "* * * the person injured in loss of support is the real person in the suit, with no substantial interest whatever being in the person injured. The latter's name is used in order that the action may be maintained by a single representative of the class of persons who qualify as thus injured in their means of support." (*Elkins v. Kopp*, 23 Ill.App.2d 509, 163 N.E.2d 212.) The dramshop action here was brought under the statute in the name of the injured person (the provider) for the exclusive benefit of the minors injured in loss of support. (*Elkins v. Kopp*, p. 509.) The Courts in Illinois have consistently held that it is the beneficial plaintiff who has the right to control the action and that the courts will look through the nominal party to the rights of the real beneficial parties. (*Weckler Brick Co. v. McLean*, 124 Ill.App. 309; *Imperial Building Co. v. Illinois Trust and Savings Bank*, 150 Ill.App. 161, 163.) In *Simmons v. Hendricks*, 47 Ill.App.2d 195, 197 N.E.2d 766, the court held that the purpose of the dramshop act was to aid the real parties suffering the loss of support and said "* * * in effect the intoxicated person is only a nominal plaintiff, and not a party who would directly benefit by the dramshop act * * * the amendment to the act was only to provide a method whereby there would be a single uniform procedure in the name of the provider *for the exclusive benefit of the person or persons injured by loss of support* * * * in effect the intoxicated person is only a nominal plaintiff * * *" See also *Grant v. Paluch*, 61 Ill.App.2d 247, 210 N.E.2d 35.

■■ The appellant does not contend that he is entitled to share in any of the proceeds of the settlement and indeed he is barred from receiving any portion of the settlement since he is not an innocent suitor, cf. *Adkins v. Williams*, 330 Ill.App. 427, 71 N.E.2d 210; *Baker v. Hannan*, 44 Ill.App.2d 157, 194 N.E.2d 563.

■■ The trial court was correct in holding that the appellant was only a nominal plaintiff and as such he had no right to control, manage or interfere in the conduct of the dramshop suit. The real parties in interest were before the court at the hearing on the proposed settlement. A guardian *ad litem* was appointed for the children and acted in their behalf. The court heard the evidence and determined that the settlement was a proper one. The defendant had no standing to attack that order nor were his constitutional rights infringed upon by the refusal of the court to issue a Writ of *habeas corpus ad testificandum.*

Judgment affirmed.

CRAVEN, P. J., and SMITH, J., concur.